[Opinion delivered May 31, 1880.]

---

## W. D. RYBURN, SHERIFF, v. W. H. GETZENDANER.

### (Case No. 3449.)

1. INJUNCTION — PARTIES.— The plaintiff in execution is a necessary party to a suit against a sheriff to enjoin the sale of property levied on under execution.

2. REMOVING CLOUD FROM TITLE.— The remedy by injunction to prevent a cloud upon a title by a sale of the property under execution will only lie where the invalidity or illegality of the title alleged to be a cloud can alone be shown by evidence *dehors* the record, and not where such illegality or invalidity appears upon the face of the proceedings themselves.

3. EXECUTION SALE — INJUNCTION.— A second sale of the same interest in property under execution on the same judgment does not create such a cloud upon the title as injunction will lie to prevent.

APPEAL from Ellis. Tried below before the Hon. Nat. M. Burford.

This was an injunction proceeding instituted by the appellee to enjoin the appellant, as sheriff, from selling a certain tract of land under an execution in favor of L. S. Ross and others, which was issued and levied on said land to

satisfy a judgment in favor of the plaintiffs in execution, against one Thomas Wardlow. The petition showed that said land had but recently before the filing of said plaintiffs' petition been levied on and sold at sheriff's sale under execution issued on the same judgment, at which sale petitioner purchased the land and paid the amount of his bid therefor, viz.: $200. The petition alleges that notwithstanding said sale, purchase and deed from said sheriff, that the defendant has levied on said land under an execution issued on said judgment, and will unless restrained sell the said land; that such sale will cast a cloud upon his title and greatly impair its value. The petition made no other parties defendant than said Ryburn. The writ of injunction was issued as prayed for. The defendant answered, excepting to the sufficiency of the petition, and filed a motion to dissolve the injunction and dismiss the bill on various grounds, among which are, that there is no sufficient equity shown on the face of the bill to authorize the granting of the injunction, and because it appears therefrom that the plaintiffs in the execution mentioned in the petition ought to have been made parties defendant; and because it is shown upon the face of the bill that the defendant, in the matters complained of, is and has been acting in his official capacity only, and the facts which might compel him to act are not denied in the bill, nor are the persons who are plaintiffs in the execution, who have the right to control his action in the matter, made parties defendant. The defendant also filed an answer to the facts, which admitted the truth of nearly or quite all of the facts alleged in the plaintiff's bill, which related to the judgment, the issuance of the first execution, sale and deed to plaintiff under it, and also the issuance of the execution which is enjoined, the levy by virtue thereof and the advertisement thereof for sale; but the answer proceeds to deny that the plaintiff became the true owner of the land by virtue of his said bid and conveyance to him by said respondent as sheriff, and alleges that the equitable title to said land remained in the defendant in execution, Thomas Wardlow, and was and is subject to the execution levied on

it, as complained of in the bill. The answer undertakes to show the existence of said equitable interest by reason of an agreement entered into before the purchase by plaintiff, between said plaintiff and said Wardlow, whereby the former would bid for said land the amount of the judgment, interest and costs, amounting to about $750, and would take a deed thereto and hold the same for said Wardlow, and permit him to redeem the same at a future time by repayment of the money bid, with interest. The answer insists that by virtue of his deed, he took nothing more in equity than a security for the $200 paid, as is alleged and admitted, and that the land is still subject to levy and sale on said judgment, subject to the lien for the $200 in favor of said plaintiff.

The plaintiff excepted to the sufficiency of the defendant's answers. The court overruled the defendant's motion to dissolve and dismiss; and sustained the plaintiff's exceptions to defendant's answer, and the defendant excepted to the said rulings of the court, and declined to answer further, and elected to abide by said pleadings. Whereupon the court, by its decree, perpetuated the injunction, and decreed that said W. D. Ryburn, sheriff as aforesaid, be forever enjoined and restrained from selling the land described in plaintiff's petition under and by virtue of any levy made by him herein, or by any other writ based upon a judgment rendered in the district court of Ellis county on the 9th day of May, 1874, in a cause then pending, wherein L. S. Ross and others, executors of the last will and testament of J. W. Tinsley, deceased, are plaintiffs, and Thomas Wardlow is defendant. The judgment thus described being the same whereon said executions are based, according to the allegations of the plaintiff's petition. The defendant appealed to the supreme court, and assigns the following as grounds of error, viz.:

1. The court erred in overruling defendant's motion to dissolve the injunction.

2. The court erred in sustaining plaintiff's exceptions to defendant's answer.

3. The court erred in the judgment perpetuating the injunction.

*A. A. Kemble*, for appellant.

*Ferris & Rainey*, for appellee.

WALKER, P. J.— The petition in this case shows upon its face that the defendant is but a formal party, having no interest in the subject-matter of the litigation, and that the plaintiffs in the judgment and execution are the parties in actual interest. "The execution creditor is a proper and necessary party to a bill to stay proceedings upon an execution, instead of the officer." Hilliard on Injunctions, sec. 139; Bean *v.* Blanton, 3 Ired. Ch., 59.

The officer is usually made a party defendant in injunction suits, although he has no interest. It is not necessary to determine whether or not he is an indispensable party, but certainly the plaintiff in the execution is a necessary party, and the defendant a formal one. There is no rule of law more universal than that which requires all persons having an interest to be affected by the result of the suit, to be made parties to it. Denison *v.* League, 16 Tex., 409. And it is an elementary rule that no person should be made a party who has no interest in the suit, and against whom, if brought to a hearing, no decree can be had. Story's Eq. Pl., sec. 231.

The petition in this case seeks to conclude, without a hearing, the interests of the only persons really interested to contest it; and the decree of the court rendered in pursuance of the prayer of the bill has determined that no writ shall issue on their judgment henceforth forever, to be enforced against the property in question. Such a result does not concern the defendant in this suit, but it materially affects the only persons who are concerned in the satisfaction of the judgment. See Story's Eq. Pl., sec. 83; Crowne *v.* Blount, 2 Russ. & M., 83. Upon an application for a *mandamus*, it is the duty of the plaintiff to sum-

mon, by proper process, all parties who are interested, if known, to come in and defend their interests. Smith *v.* Power, 2 Tex., 57. Where, in such case, " the plaintiff would not ask to have such parties made, or refused to have them made, when it was ruled that they were necessary to any judicial action on their rights, the court was right in dismissing the petition." Watkins *v.* Kerchain, 10 Tex., 381. The principle is not less applicable to suits of injunction.

The defendant's motion to dissolve the injunction on the first ground ought to have been sustained, with leave granted the plaintiff to amend his petition by making proper parties, and failing to do so, the bill should then have been dismissed.

The petition was otherwise defective; it alleged no facts entitling the plaintiff to the remedy by injunction. " The clear weight of authority," says Mr. High in his work on injunctions, " is in favor of the proposition that, in the absence of fraud, or gross injustice and irremediable injury, courts of equity will not entertain jurisdiction in restraint of judicial sales under executions against third parties having no title to the property sold." Sec. 266. This principle has been distinctly recognized and acted upon by our supreme court. Henderson *v.* Morrill, 12 Tex., 1; Carlin *v.* Hudson, id., 202.

The remedy by injunction to prevent a cloud upon the title is an equally well recognized head of equitable relief. The petition in this case fails to show facts which entitle the plaintiff to enjoin the sale on that ground. A case lately considered and disposed of by us (Roe *v.* Dailey, from Dallas) presented a state of facts which properly entitled the petitioner to enjoin a sheriff's sale to prevent a cloud upon his title. We stated, in our opinion in that case, the rule of law, as we understand it to be, which determines what character of title it is that is regarded as a cloud upon a valid title, to prevent which an injunction will be granted. " In the exercise of the jurisdiction for the prevention of cloud upon title, a distinction is drawn between cases where the invalidity or illegality charged as the cloud is shown by evi-

dence *dehors* the record, and where it appears upon the proceedings themselves. And while in the former case the relief is freely granted, in the latter, courts of equity will not interpose." "Where, therefore, the cloud which it is sought to remove can only be shown to be a good title by leaving that of complainant out of the question, an injunction will be refused." High on Inj., sec. 272. The title which the plaintiff in this case fears will becloud his, so far as the petition discloses, appears on the face of the record to be wholly invalid, and no evidence *dehors* the record is required to exhibit that fact; and a title derived through the second sale by the sheriff of the same interest in the land as that which was acquired by plaintiff under the first sale, could only appear to be a good title by leaving the plaintiff's out of the question. The plaintiff alleges no fact, beyond this bare comparison of titles, to show that he is entitled to equitable relief upon grounds showing that he is remediless at law.

There was no trial upon the facts of the case, and the judgment of the court has no other support than the petition, which, as has been seen, affords no basis for a judgment for the plaintiff, if the proper parties even had been before the court. It is not necessary for us to determine whether the answer of the defendant was amenable to the plaintiff's exceptions or not. Whether the equitable right of Thomas Wardlow, arising under his agreement with the plaintiff to refund to the latter the purchase price paid for the land, and to become again invested with the title to the land, is the subject of levy and sale under execution, is a question which requires consideration. In the case of Daugherty *v.* Cox, 13 Tex., 212, it was said, in effect, by Justice Lipscomb, that, although it is in a certain sense correct to say that an equitable interest in property may be levied on and sold under execution; that whilst it may be that an equitable claim to title or a resulting trust may sometimes be subject to sale by execution, yet every equity may not be subject to sale. "If, for instance," he remarked, "a purchaser *had paid* for the land and taken a bond for title, the land

would be subject to execution against the purchaser, because there would be nothing uncertain, nothing to be done on the part of the purchaser, nor on the part of the vendor, but to make the title. If, however, other things were to be done by the parties, . . . until these things were done there would be no such equity . . . as would make it subject to the levy of an execution against the holder of such equity." It seems at least questionable whether the equity set up by the answer is such as might be sold under the execution, and if it is not, the court did not err in sustaining the plaintiff's exceptions to the answer. We will not, however, determine that question, as to do so cannot upon another trial serve any beneficial purpose, unless the plaintiff shall be able, by amendment of his petition, to present a case essentially different from that set out in his petition.

We are of the opinion that there is manifest error in the judgment, for which it must be reversed.

                                    REVERSED AND REMANDED.