McCANLESS, Sheriff, v. GRAY.

(Court of Civil Appeals of Texas. Amarillo. Dec. 28, 1912. Rehearing Denied Jan. 25, 1913.)

1. HOMESTEAD (§ 212*)—INJUNCTION AGAINST EXECUTION—PARTIES.

Rev. Civ. St. 1911, art. 4662, provides that on issuing a writ of injunction not pertaining to a pending suit the clerk shall cite the defendant as in civil cases; articles 1869–1873 provide for citation to nonresident defendants, and the manner of its service and return; article 1874 provides for citation by publication; and article 1885 declares that no judgment shall be rendered against any defendant, unless upon service, acceptance, waiver of process or appearance. Nonresident execution creditors placed execution in the hands of the sheriff, who levied upon property claimed as a homestead, and the debtor then applied

for an injunction against the sheriff as the only party defendant. *Held*, that the execution creditors were necessary parties defendant, and that without notice to them in one of the statutory methods the injunction was a nullity.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 393; Dec. Dig. § 212.*]

2. HOMESTEAD (§ 212*)—INJUNCTION AGAINST EXECUTION—PARTIES DEFENDANT—SHERIFF.

Since a sheriff holding an execution exercises a certain degree of discretion in levying upon particular property, he is a necessary party defendant in the execution debtor's action to enjoin the sale of property claimed as a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 393; Dec. Dig. § 212.*]

Appeal from District Court, Dallam County; D. B. Hill, Judge.

Action by T. R. Gray against J. E. McCanless, sheriff. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Tatum & Tatum, of Dalhart, for appellant. Madden, Trulove & Kimbrough, of Amarillo, and J. E. Synnott, of Dalhart, for appellee.

HALL, J. On the 12th day of April, 1911, H. Altman and D. McUlvan, nonresidents, recovered a judgment in the sum of $25,280 against appellee, T. R. Gray, and others; said judgment foreclosing a lien upon certain real estate. Order of sale was issued, the real estate sold, and, after crediting the judgment with the proceeds, there remained a balance due upon said judgment of over $22,000; whereupon the said Altman and McUlvan caused execution to issue, which was placed in the hands of appellant, McCanless, who levied the same upon property which appellee, Gray, alleges is his homestead. Appellant advertised the property for sale on the first Tuesday in September, 1911. Appellee, Gray, applied to the district judge of Dallam county for an injunction restraining appellant, McCanless, from making said sale, and on the 29th day of August, 1911, the district judge granted the temporary writ. On the 24th day of February, 1912, appellant, McCanless, filed his answer, containing general demurrer, two special exceptions, general denial, and special answer, alleging that the execution was placed in his hands as sheriff; that he levied the same upon lots 1 to 4, block 49, city of Dalhart, in Dallam county, and advertised the same for sale, stating that he was neither a necessary nor proper party to this suit, but was acting purely as a ministerial officer in executing said writ; that he was not a party to the judgment upon which said execution was issued; that he had perpetrated no fraud in levying the writ, but that H. Altman and D. McUlvan were the only proper and necessary parties defendant; that they were the only parties interested in the collection of the judgment; that they had caused the execution to issue and be placed in his hands as sheriff. The special answer raises the same issues as the special exceptions. Appellants also filed a motion to dissolve the injunction and dismiss the case, based upon the grounds set up in his special answer. Altman and McUlvan, being nonresidents have not been made parties defendant to the action. Upon a trial the appellant's motion to dissolve, and general and special exceptions to the petition, were overruled and judgment rendered against him, perpetuating the temporary injunction.

It will not be necessary to consider the assignments of error in detail in disposing of the questions presented.

[1] Appellant's contention that the plaintiffs in execution, Altman and McUlvan, are necessary parties to the suit to enjoin the sale under the execution is, in our opinion, sound. It has been held by our Supreme Court, in Ryburn v. Getzendaner, 1 Posey, Unrep. Cas. 349, that the plaintiff in execution is always a necessary party to such an action. Appellee contends that the rule announced in Daniel's Chancery Practice, 150–152, that when a person who ought to be a party is out of the jurisdiction of the court, being stated in the pleadings, admitted by defendant, or proved at the hearing, it is, in most cases, a sufficient reason for not bringing him before the court, and that the court will proceed without him against the other parties, as far as circumstances will permit, should control in the decision of this case. We admit that such a rule ought to prevail in jurisdictions where there is no provision for citing nonresident defendants, and where there is no issue of fact in which such nonresident defendants (plaintiffs in the execution) are interested. The judgment in the instant case adjudicates the issue of homestead set up by appellee, Gray. Revised Civil Statutes 1911, art. 4662, provides: "When any writ of injunction is issued and such writ does not pertain to a suit pending in the court, the clerk of such court shall issue a citation to the defendant as in other civil cases, which shall be served and returned in like manner as ordinary citations issued from said court"—which article of the statute is applicable here. Articles 1869–1873, Id., provide for the issuance of citation for defendants residing without the state, direct the manner of its service and return, and provide that where a defendant has been served with such notice he shall be required to appear and answer in the same manner and under the same penalties as if he had been personally served with a citation within the state. Article 1874, Id., provides for citation by publication. And we hold that it was the duty of appellee, Gray, to make Altman and McUlvan parties defendant, and to serve them with notice by one of the statutory methods mentioned, and that the judgment adjudicating the issue of homestead, as against them and their rights under the ex-

ecution, is a nullity, in the absence of such notice. This error will require a reversal of the judgment. No method is provided by our statutes for the service of a writ of injunction beyond the limits of the state, and such a provision would be useless, since the court could not enforce it by contempt proceedings upon nonresident defendants. Article 1885, Id., provides that no judgment shall in any case be rendered against any defendant, unless upon service or acceptance or waiver of process, or upon an appearance by the defendant as prescribed in this chapter, except where otherwise expressly provided by law. The purpose of appellee in instituting this suit was to prevent the sale of his homestead under the execution in the hands of appellant. In order to accomplish that end, it was necessary to establish the fact alleged in his petition that the property was exempt from forced sale as his homestead. The sheriff, as a ministerial officer, was not interested in and could not be forced to litigate that issue. Altman and McUlvan, being the parties directly interested in that question, were the only ones whose duty it was to contest it, and were therefore entitled to notice.

[2] We are further of the opinion that, since the process in appellant's hands was an execution and not an order of sale, he was exercising a certain degree of discretion in levying upon the particular property in question, and since, in the exercise of his discretion, the levy had been made upon homestead property, he was a necessary party to the injunction proceedings.

It is our opinion that the judgment should be reversed and the cause remanded; that the temporary writ of injunction should be continued in force until final trial, and appellee, Gray, be granted leave to amend and a reasonable time within which to make Altman and McUlvan parties, and serve them with proper notice, before a final trial of the issues; and it is accordingly so ordered.