BLOCKER et al. v. COMMERCIAL NAT. BANK OF UVALDE. (No. 7790.)

Court of Civil Appeals of Texas. San Antonio. May 18, 1927.

1. Venue ⬤�sø15—Defendants in action in nature of discovery are entitled to be sued in county of their residence (Rev. St. 1925, arts. 1995, 2002).

Under Rev. St. 1925, arts. 1995, 2002, defendants in an action in the nature of a bill of discovery are entitled to be sued in the county of their residence.

2. Venue ⬤�sø15—As regards venue, action in nature of bill of discovery is not ancillary to action in which plaintiff's claim was established (Rev. St. 1925, art. 2002).

As regards venue, under Rev. St. 1925, art. 2002, action in nature of bill of discovery is not ancillary to prior action in which plaintiff established its claim.

Appeal from District Court, Uvalde County; L. J. Brucks, Judge.

Action by the Commercial National Bank of Uvalde against J. R. Blocker and another. From an order overruling defendants' plea of privilege, they appeal. Reversed and rendered.

Martin & Martin, of Uvalde, and T. M. West, of San Antonio, for appellants.

O. B. Black, of San Antonio, for appellee.

SMITH, J. [1] In the year 1923 the Commercial National Bank of Uvalde recovered a judgment in the district court of Uvalde county against J. R. Blocker and S. A. Armstrong, for the amount of a certain promissory note theretofore executed by them in favor of the bank. Three years afterward, in the year 1926, the bank brought an action in the same court, against the judgment debtors, in the nature of a bill of discovery, to require them to disclose whatever property they owned at that time. It was alleged in the bank's petition that the defendants named owned or claimed to own certain real and personal property situated in Dimmit county, and said defendants were called upon in the petition to answer interrogatories therein propounded to them for the purpose of eliciting what interest, if any, they owned in said property, or in any other property. The action was docketed and numbered as a separate and independent suit, and the defendants were duly cited as in such suit.

The defendants Blocker and Armstrong filed their pleas of privilege, in due form, to be sued in Dimmit county, conceded to be the county of their residence. These pleas were controverted by the bank, claiming venue of the case lay in Uvalde county, where the action was brought, upon the ground that the note upon which the original judgment was based provided for payment thereof in that county, and that the present action was but ancillary to the original suit, by which, also, the venue was fixed in that county. The trial court overruled the pleas of privilege, and from the order thereon Blocker and Armstrong have appealed.

The equitable right to bills of discovery was revived and crystalized into the statutes of this state by an act of the Thirty-Eighth Legislature (Gen. Laws 38th Leg. p. 31), as follows:

"All trial courts in this state having jurisdiction of the subject-matter of litigation, shall entertain suits in the nature of bills of discovery and grant relief therein in accordance with the usages of courts of equity.

"The remedy hereinabove provided shall be cumulative of all remedies heretofore provided."

In the revision of the statutes in 1925 the language of the act was modified to read as follows:

"All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies." Article 2002.

It will be observed that in the original act it was provided that such actions may be brought in all trial courts "having jurisdiction of the subject-matter of litigation." It is not necessary to consider appellee's contention that this provision in the act had the effect of conferring exclusive venue of such actions upon the courts having jurisdiction of the subject-matter to which the bill of discovery related, since that provision was omitted from the revision of 1925. The present action was instituted in 1926, and therefore the statute of 1925, then in force and being purely remedial in its nature, controls.

It is provided in the venue statute (article 1995, R. S. 1925) that—

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases. * * *"

No provision is made in that statute that suits in the nature of bills of discovery shall or may constitute an exception to the general provision.

It is provided in subdivision 30 of the venue statute that—

"Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

The effect of this provision is, of course, that, if in any law authorizing a particular action, such as this for example, no specific provision is made for the venue in such action, it shall not be excepted from the operation of the general provision for exclusive venue in the county of the defendant's residence, unless, indeed, it is embraced among the exceptions in the venue act, which is not the case here.

[2] It is true, as appellee contends, that in the original suit the venue as to the defendants was fixed in Uvalde county by virtue of the contractual obligation of appellants to pay the note in that county, and this action is collateral to the original action. But it is not an ancillary proceeding in that suit; it is a separate, distinct action, instituted under special procedure provided by a statute which is silent upon the subject of venue, three years after the determination of the original action. It was not brought to enforce appellants' obligation to pay a note or perform any other obligation in Uvalde county or to determine the liability of appellants for any purpose. It was a distinct suit to require them to disclose their resources, so as to enable appellee to have those resources subjected to the satisfaction of its judgment obtained in a former suit. No reason exists under the statute, nor in equity, for depriving appellants of their valuable right to have the matter tried in the county of their domicile where, also, appellee alleges, the property sought to be discovered is situated.

The order overruling appellants' plea of privilege is reversed, and judgment is here rendered, directing the clerk of the district court of Uvalde county to make up a transcript of all the orders made in this cause, certifying thereto officially under the seal of

said court, and transmit it with the original papers in the cause to the clerk of the district court of Dimmit county.

Reversed and rendered.