**SAMUELS v. FINKELSTEIN.**
No. 1896.

Court of Civil Appeals of Texas. Beaumont.
March 6, 1930.
Rehearing Denied March 12, 1930.

Franklin & Blankenbecker, of Houston, for appellant.

A. B. Wilson, of Houston, for appellee.

WALKER, J.

In July, 1927, appellee filed against appellant in the Eightieth district court of Harris county a bill for relief and discovery, praying for an accounting between them. For cause of action he alleged that in 1916 he began shipping cotton to appellant as his broker and continued shipping appellant cotton every year until 1926. He alleged the amount of cotton and the date of the different shipments, but alleged further that he did not have the weights nor the grades nor the price at which appellant from time to time sold his cotton and had no means of acquiring this information except from appellant's books, and further that appellant had not furnished him this information and no settlement had ever been had between them. For the purpose of eliciting the desired information from appellant, he made certain interrogatories a part of his bill and prayed for an answer thereto and generally for an accounting. On the 14th of February, 1929, he filed in the Fifty-Fifth district court of Harris county a pure bill for discovery pleading the pendency and the date of the filing of his suit in the Eightieth district court. In this bill he pleaded in hæc verba his original bill, and further that appellant had refused to furnish him the desired information, though he had requested it. In pleading his original bill in this bill, he pleaded, as a part of the original bill, the interrogatories involved therein and as a part of this bill repleaded in hæc verba the same interrogatories as in his original bill. Immediately upon the filing of this bill, he presented the same to the Fifty-Fifth district court on an ex parte application, and secured an order from that court directing appellant to file on or before the 18th of March, 1929, in the Fifty-Fifth district court, his answer to the interrogatories as the same appeared in this bill and in the original bill. In due time appellant filed his motion to set aside this order on the ground that it was improperly entered on the ex parte application, and answering this bill specially pleaded that it was subject to general demurrer, and further that the identical cause of action was at that time pending in the Eightieth district court, and that in so far as the bill in the Eightieth district court prayed for a discovery appellee had been denied that relief by the district court. When advised that this motion and answer had been filed, the judge of the Fifty-Fifth district court suspended the original order and gave appellant a hearing on his motion and answer, but overruled the motion and denied the answer and entered a final order directing him "to file in this court at the earliest practicable date a full, true and complete answer to the said interrogatories propounded to him in the plaintiff's bill of discovery."

### Opinion.

█ Under article 2002, Revised Civil Statutes 1925, reading as follows: "All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies," the jurisdiction of trial courts to entertain suits in the nature of bills of discovery cannot be questioned. Chapman v. Leaverton (Tex. Civ. App.) 263 S. W. 1083. But, under the provisions of this article, the court erred in granting, on the ex parte hearing, the absolute order commanding appellant to answer appellee's interrogatories. Appel-

lant was entitled to notice and an opportunity to be heard before the order was made final. It is provided by this article that relief shall be granted "in accordance with the usages of courts of equity." As we understand this "usage," courts of equity require notice before making this order absolute. Suits in the nature of bills of discovery are suits in equity. Discussing the necessity for process in such suits, it is said in 21 C. J. 351: "Except where there is a voluntary general appearance, or it is otherwise waived, the issuance and service of formal process is essential to the acquisition of jurisdiction of the case." Farrington v. Stone, 35 Neb. 456, 53 N. W. 389, 390, was a creditor's bill for relief and discovery. While the action was pending, the trial judge, without notice and upon an ex parte application, made an order for the examination of one of the parties. Discussing this order, the Supreme Court of Nebraska said: "No court should grant an order of that kind except upon notice."

■ We do not mean to hold that formal service of citation, as in actions at law or other proceedings under our general jurisprudence, is necessary. The article under discussion stands alone, bringing into our jurisprudence "suits in the nature of bills of discovery," of which our courts have no jurisdiction apart from this article. Cargill v. Kountze Bros., 86 Tex. 386, 22 S. W. 1015, 25 S. W. 13, 24 L. R. A. 183, 40 Am. St. Rep. 853. This article directs that relief shall be granted, not in accordance with our general statutes, but "with the usages of courts of equity." This usage, on the question of service, is illustrated by the procedure in Cassatt v. Mitchell Coal & C. Co. (C. C. A.) 150 F. 32, 33, 10 L. R. A. (N. S.) 99. This was a proceeding involving the right of discovery and, to quote from the opinion, notice was given as follows: "On presentation of the petition to the Circuit Court a rule was allowed requiring the defendant and its officers and employees named in the petition to show cause before the court on a certain day why they 'should not produce on the trial of this cause' the books and writings above referred to, and also why they should not produce them at a certain time and place before trial 'and permit the plaintiff, its counsel and accountants to inspect the same and take such copies as they may deem proper.'" In Blocker v. Bank (Tex. Civ. App.) 295 S. W. 341, regular service of citation was had. In that case the method of service was not in issue, but its facts illustrate the necessity for notice of some kind before the entry of the final order. The method suggested in Cassatt v. Mitchell, etc., would not be exclusive, but service may be had under the general statutes providing for citation or by any other process of notice recognized by courts of equity such as subpœna, summons, etc. The only essential is that the defendant must have an opportunity to be heard before the entry of the final or-

der. However, we think this want of notice was supplied in this case and the error complained of rendered harmless by the subsequent order entered on appellant's motion, giving him a full and complete hearing and an opportunity to urge all available defenses against the prayer for discovery.

■ The next question presented is one not assigned, but involves our jurisdiction to entertain this appeal. Is the order appealed from final or merely interlocutory? Citing the Cassatt Case, supra, as well as many other authorities, 18 C. J. 1078, announces the proposition, "On a pure bill for discovery the case is never brought to a hearing." In the Cassatt Case a motion to dismiss the writ of error was urged on the ground that the order appealed from was not a "final decision." After discussing the nature of the order awarding the appellee a discovery and reviewing many authorities defining "interlocutory" and "final" judgments, the court reached the following conclusion: "Our conclusion on the motion to dismiss the writ of error is that as the plaintiffs in error have been subjected to the jurisdiction of the Circuit Court and made liable to its order in a proceeding collateral to and independent of the action at law, and as the order is a decision of all the matters involved in that proceeding, and leaves nothing to be done except the ministerial act of executing it by producing the books of the defendant company both before and at the trial of the action, it is, in so far as it requires production before the time of trial, a 'final decision' reviewable on a writ of error." Again, under article 2002, pure bills for discovery are denominated "suits." The final order made therein ends the proceeding. It is the "final decision," and therefor appealable, as are all final judgments in suits under our general jurisprudence.

The following propositions of general demurrer are not sound:

■ (a) No cause of action was alleged. The bill stated that appellant was a cotton factor and that appellee shipped him his cotton as such. The weights and numbers of the shipments were given, but it was alleged that appellee did not have information as to the price at which the cotton was sold nor the names of the purchasers nor the grades of the cotton, etc. It was further alleged that no settlement had been had upon the various transactions pleaded, and the need for an accounting was fully shown. Dunn v. Dunn, 8 Ala. 784, sustains these allegations as stating a good cause for an accounting. It was there said: "And where an assignment is made to a factor, for sale, bills have been entertained, notwithstanding there is a clear remedy at law, if the principal had thought proper to proceed in that way. See Scott v. Surman, Willes's Rep. 405. But Mr. Justice Story says, that the true source of jurisdiction in such cases, is not the mere notion of

a virtual trust; for then equity jurisdiction would cover every case of bailment. But it is the necessity of reaching the facts by a discovery—having jurisdiction for such a purpose, the Court, to avoid multiplicity of suits, will proceed to administer the proper relief. Hence, says he, a Court of Equity, under the head of discovery, will entertain a suit for relief in the case of a single consignment to a factor for sale. 1 vol. Com. on Eq. 444-5; see also Halsted v. Rabb, 8 Port. 63."

■ (b) *The failure to pray for specific relief rendered the bill defective.* This demurrer is not sound. There was a general prayer for an accounting which, in proceedings of this nature, is sufficient to invoke the jurisdiction of the court and to sustain a judgment in plaintiff's favor for any amount found due him on the accounting. 1 C. J. 637; Fechteler v. Palm (C. C. A.) 133 F. 462; Title Ins. Co. v. Ingersoll, 158 Cal. 474, 111 P. 360.

■■ (c) *The claims involved and detailed in the original bill were barred by limitation.* On the face of the bill all the transactions, except for the last two years, that is 1925 and 1926, were barred by the statute of limitations, and no facts were pleaded in avoidance of this bar, and as to these items the bill was defective, for where the bill "shows that the claim is barred by the statute of limitations," 18 C. J. 1072, it is subject to demurrer. But this defect does not reach the cotton shipped during 1925 or 1926.

■ (d) *The bill disclosed that appellee had an adequate remedy at law.* This demurrer rests upon the ground that it was possible for appellee to develop his cause of action and secure all the necessary facts by taking appellant's depositions in the manner provided by the general statutes. The principle invoked is thus stated by 18 C. J. 1062: "Since the equitable remedy of bills for discovery arose because the common law made no provision by which either party could obtain the testimony of his adversary or compel the production of documents in his possession material to his case, the necessity for the remedy, is now very much diminished, and as a rule courts of equity will not assume jurisdiction of a bill for discovery and relief for the enforcement of a purely legal demand where the only ground of equity jurisdiction is the discovery which can be had under the statute." But this proposition is not a correct construction of article 2002, which declares that the remedy by way of discovery "shall be cumulative of all other remedies." In defining the extent of the relief to be granted under this express language, recourse must be had only to the general principles of equity jurisprudence, which are in no way modified or limited by our statutes providing for the taking of depositions and authorizing either party to obtain the testimony of his adversary. This was the construction given by the

Supreme Court of Georgia in Mahone v. Bank, 17 Ga. 111, to a similar statute. It was there said:

"This bill asks the interposition of a Court of Equity, for purposes of discovery; and it is insisted before us, that such discovery, by answer in Chancery, is not needed and should not be granted, because, by the Act of 1847, the defendant might have taken the answers of the bank or its officer, in the Common Law case, by interrogatories.

"The Act of 1847 mentioned, makes express provision that nothing in that Act contained 'shall preclude any party from exhibiting his bill in Chancery, for discovery, touching the same matters.' So that the complainant's right to a discovery in Equity, is in no wise lessened by the Act of 1847."

■ But on other grounds we think the bill was subject to appellant's general demurrer. Appellee pleaded that his action for relief and discovery pending in the Eightieth district court had been on file nearly two years. In that suit he made the same prayer for discovery and submitted the same interrogatories as in this suit. Having first invoked the jurisdiction of the Eightieth district court, equity will not permit him to make an excursion into some other court of concurrent jurisdiction without showing on the face of his bill some reason for doing so. Comity among courts forbids this abuse of their equitable powers. Again, appellee failed to plead that the Eightieth district court had not adjudicated his prayer for discovery which had been pending in that court almost two years. Having pleaded that his cause of action for discovery was pending in another court of concurrent jurisdiction, he was required to show at least that it was still pending and had not been disposed of. Equity would not grant him two orders for discovery of the same facts in answer to the same interrogatories. He was required to plead not only the facts that would entitle him to relief but deny or plead in avoidance of the facts, apparent on the face of his bill, that would be a bar to the relief prayed for.

■ Appellant insists that he made this issue by his answer. He answered that the Eightieth district court had heard and refused appellee's prayer for discovery. The case was submitted on the pleadings without other evidence. Appellee's bill was duly verified and, in the absence of other evidence, made a prima facie case in his behalf of the facts and issues therein alleged. Appellant's answer was not verified. As we understand the principles of equity pleading, this answer simply made an issue on the pleadings. In Willis v. Henderson 4 Scam. (Ill.) 13, 38 Am. Dec. 120, it was said: "It has been already remarked that the answer of Turner is not sworn to, the oath having been waived under the statute. An answer put in without oath is not for any purpose evidence in the cause, but per-

forms the office of pleading alone. It proves nothing which it alleges, and the only purpose which it serves is to assist in making up the issues." In Lyons v. Miller, 6 Grat. (Va.) 427, 52 Am. Dec. 129, the following principle of equity pleading was announced: "When a plaintiff comes into a Court of equity, in order to obtain redress in that forum, upon a subject falling within its equitable jurisdiction, the facts charged in the bill and admitted in the answer are to be taken as true, because conceded in pleading. But if the answer goes further and sets up other facts in avoidance of what has been so admitted, those facts must be established by evidence. And in these respects the rules of law and equity are the same." Under these authorities appellant's unsworn answer, without supporting proof, was insufficient to overthrow the prima facie case made by the verified bill. But the proposition is not one of answering appellee's allegations, but simply a defect in the bill itself, and was therefore available to appellant under his general demurrer.

Because of the defects in the bill herein pointed out, the judgment of the trial court is reversed, and the cause remanded.