## BEAMAN v. SANGER BROS., Inc.
### No. 3927.

Court of Civil Appeals of Texas. Texarkana.
Oct. 30, 1930.

George C. Cochran, E. B. Muse, and Cavin Muse, all of Dallas, for appellant.

F. J. Scurlock, of Dallas, for appellee.

HODGES, J.

■ On February 14, 1930, the appellee filed in the court at law of Dallas county an

action in the nature of a bill of discovery as provided for in article 2002, R. S. 1925. The petition alleged, in substance, that plaintiff was the owner of an unsatisfied judgment of $427.17 against the appellant; that execution had been issued and returned unsatisfied and plaintiff was unable to collect its debt by the usual processes; that it had reason to believe, and so charges, that the defendant had property and assets in Dallas county, Tex., and elsewhere in the state of Texas, subject to execution, which ought to be applied to the satisfaction of plaintiff's debt; that the defendant was exclusively in possession of information as to what property and assets he has in the state and elsewhere out of the state; but that plaintiff does not know, and has no means of knowing, whether the defendant has such property or assets, or where it is situated, unless the court should compel the discovery prayed for. There was attached to the petition a list of interrogatories which plaintiff asked that the defendant be required to answer. Article 2002, above referred to, is as follows: "All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies." Under the terms of that statute, a suit for discovery may be brought for that purpose alone. The relief sought is an order requiring the defendant in the case to answer the interrogatories propounded in, or attached to, the plaintiff's petition. The defendant in such a proceeding has a right to a hearing as to whether he should be required to answer such interrogatories before a final order or judgment is rendered requiring him to make such answers. Samuels v. Finkelstein (Tex. Civ. App.) 25 S.W.(2d) 923, and cases there referred to.

In this instance, the court made the order requiring the defendant to answer the interrogatories immediately upon the presentation of the plaintiff's petition, but fixed the date when the answers should be made on the ―――― day of May following. The record does not show that any notice was served upon the defendant, but before the date the answers were to be made, the defendant entered an appearance in the case by filing a general demurrer to the plaintiff's petition. By so doing he brought himself within the jurisdiction of the court.

The order overruling the demurrer is in part as follows: "It is therefore ordered, adjudged and decreed by the court that the general demurrer of the defendant Warren M. Beaman to the plaintiff's original petition for bill of discovery—be and, the same is hereby overruled and the defendant having declined to plead or answer further the command of the court heretofore issued on the plaintiff's

bill of discovery commanding the defendant, Beaman, to appear and discover and to disclose to the plaintiff—it is ordered, that the bill of discovery be and the same is hereby continued in full force and effect."

After the appearance of the defendant, the court had the power to make that order, which may here be treated as a reiteration of the order formerly made.

Appellant has filed no brief in this appeal, and there are no assignments of error that we can consider.

The judgment will therefore be affirmed.