## B. F. AVERY & SONS PLOW CO. v. MAYFIELD.

### No. 13625.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 19, 1937.

Rehearing Denied Jan. 14, 1938.

Mann, Irion & Mann and Frank Cain, all of Dallas, for appellant.

Harry R. Bondies, of Sweetwater, for appellee.

SPEER, Justice.

This appeal involves a novel question relating to venue and the plea of privilege.

Appellant, B. F. Avery & Sons Plow Company, filed a petition against appellee, Tom H. Mayfield, Jr., in the Fourteenth district court of Dallas county, Tex., asking for a bill of discovery.

As grounds for the relief sought, allegations were made that on January 29, 1936, in the same court, under the same styled and numbered cause, appellant had recovered a judgment against appellee for $1,061.52; that there was no appeal from that judgment; that appellant had caused execution to be issued on the judgment on May 9, 1936, and had it placed in the hands of the sheriff of Nolan county, the county of appellee's residence; that the execution was returned by the sheriff on May 15, 1936, indorsed "nulla bona." A copy of the judgment was made a part of the petition for the bill of discovery. In the judgment appellant's corporate name is not the same as in the petition here, but no complaint is made of that fact, and we shall treat it as a clerical error in the record. Additional allegations were made to the effect that the judgment is valid and subsisting; that it is unpaid in the balance of $1,061.52 plus costs of suit.

Interrogatories were attached to the petition inquiring of appellee as to any interest he may have in property, corporations, or partnerships, wherever located, and the amount of such interests, if any. If answered, these inquiries would disclose the location, kind, and amount of all assets belonging to appellee. Prayer was for notice on the petition and that appellee be required to appear and show cause why he should not be compelled to answer the interrogatories attached and that he be required to produce any set of books concerning his business or personal transactions now in his possession or under his control.

Instead of answering or otherwise appearing in response to said notice, appellee timely filed his plea of privilege to be sued, if at all, in Nolan county, Tex., the place of his residence. The plea contains all the requisites of article 2007, Rev.Civ.Statutes 1925.

Appellant filed its controverting affidavit in due time, and alleged the suit to be one on a promissory note and open account payable in Dallas county, Tex.; recitation is made of service, appearance, and trial resulting in the judgment in the amount and of date set out in the statement made by us, above, of appellant's petition for discovery; the allegation was repeated which, in effect, alleged the judgment rendered by the court was a valid and subsisting judgment; that execution was issued thereon and sent to the sheriff of Nolan county, and returned "nulla bona"; that said judgment was unsatisfied; the petition in which judgment was sought on the note and account, as well as the one seeking the bill of discovery, is identified and made a part of the controverting answer. Grounds of venue were alleged in this language: "Plaintiff says that this court has venue of this suit because of the above facts, and particularly because the Bill of Discovery prayed for in this case is for the purpose of aiding plaintiff to recover on a judgment heretofore rendered in this suit, and said judgment was based on written promises executed by the defendant and payable in Dallas County, Texas."

Under the venue issues thus made, the court heard appellant's testimony, which consisted of an agreed stipulation between the parties, substantially as alleged by appellant, with one exception. The agreed facts covered the execution and delivery by appellee of a note and account to appellant in which payment was promised in Dallas county; that suit was instituted thereon and judgment rendered in the Fourteenth district court of Dallas county, Tex., on the date and in the amount alleged by appellant; that no appeal was taken therefrom and that execution issued and was returned "nulla bona" on May 15, 1936; that this suit for discovery was instituted on May 26, 1936.

The one exception to appellant's allegations, not covered by the stipulation, was that the judgment was a valid subsisting judgment and was unsatisfied.

Under these allegations on the venue issue, the trial court sustained the plea of privilege and entered suitable orders to that effect. From this judgment the appeal is prosecuted.

The combined legal and equitable remedy now known to us as the bill of discovery is authorized by the provisions of article 2002, Rev.Civ.Statutes, which reads: "All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies."

 It is interesting to observe the origin of such a remedy. Under the common law the parties to a suit were incompetent as witnesses and no means were provided by which either could procure information from the other, no matter how valuable it might be to an adjustment of the rights between them. Thus a person could suffer a wrong for which he would have no adequate remedy. "Equity will not suffer right to be without a remedy." Pomeroy's Equity Jurisprudence, 3d Ed., § 37, treats the equitable right of one person to require another to disclose such information as he has, which information is not in the possession of the other, as a legal form of "probing their consciences." He says this gave interested parties a decided advantage in the discovery of the truth. That eminent writer, at section 82, in discussing this procedure in the Chancery Courts of England, says: "A distinct department of equity jurisprudence which arose at an early day from the imperfection of the legal procedure was termed Auxiliary, since it was exercised, not to obtain any equitable remedy, nor to establish any equitable right or estate, but to aid in maintaining a legal right, and in prosecuting actions pending or to be brought in a court of law."

 Under our procedure, of course, parties to suits are competent witnesses and upon the trial either may call upon the other to testify, in most instances, to all matters relating to the controversy. We have gone farther and made provisions for the taking of the deposition, by one, of his adversary, in advance of the trial. When any person in this state may anticipate the institution of a suit in which he may be interested, and may desire to perpetuate the testimony of a witness to be used in such suit, he may likewise take the deposition of such person, although he should later become a party to the contemplated action. Article 3742, Rev.Civ.Statutes, as amended by Acts 1927, c. 53, § 1, Vernon's Ann.Civ.St. Art. 3742. These provisions are helpful in arriving at the truth of matters under investigation or to be determined later. Yet the penalties governing such a procedure proved inadequate, and by way of strengthening the remedy article 2002, supra, was passed. The general definition and function of the bill of discovery is given in 18 C.J. p. 1057, § 1, as follows: "Discovery is the disclosure by defendant of facts, deeds, documents or other things which are in his exclusive knowledge or possession, and which are necessary to the party seeking the discovery as a part of a cause of action pending, or to be brought in another court, or as evidence of his rights or title in such proceedings."

██ Our own courts, as well as those of other jurisdictions, have broadened the definition above given and in effect have forced a twofold meaning of this class of actions. In the first instance, they refer to discovery in cases where facts are to be acquired in aid of a suit pending or to be filed, as a "pure bill of discovery." See 18 C.J. p. 1058, § 4. subd. 2. Other forms of discovery are treated in 23 C.J. p. 828, § 933, subd. 4, under the general subject of executions, and there it is said the bill is permitted if the judgment creditor has been unable to find sufficient property of the debtor out of which the judgment may be satisfied.

The instant case involves the latter class of discoveries and the former need not be further noticed except in so far as it has been distinguished by the courts as being in that class. The discovery was not sought in this case to procure facts from the possession of the defendant, upon which to base a suit, nor to be used upon the trial of one then pending, but was for the purpose of requiring appellee to disclose facts, if they were in his knowledge, which would enable appellant to satisfy a judgment theretofore procured by it. This kind of discovery has been recognized by our courts. Chapman, Banking Commissioner, v. Leaverton, Tex.Civ.App., 263 S.W. 1083, writ refused, but discussed in International Travelers' Ass'n v. Griffing, 114 Tex. 375, 269 S.W. 1024. See, also, Beaman v. Sanger Bros., Tex.Civ.App., 32 S.W.2d 872, 873.

We are cited by appellant to the cases of Equitable Trust Co. v. Jackson, Tex.Com. App., 101 S.W.2d 552; Texas Wheat Growers' Association v. Gough, Tex.Civ.App., 70 S.W.2d 818, writ refused, and we may add the recent case of Humble Oil Co. v. Pitts, Tex.Com.App., 108 S.W.2d 910, on

the same point, decided since the briefs were written, in support of its contention that this judgment should be reversed. But in each of those cases the discovery was sought in aid of a case pending to procure facts to enable the plaintiffs to prove their case. In these cases the several courts specifically limit their discussions to that state of facts and hold the order or decree entered was interlocutory from which no appeal would lie. The question of venue on plea of privilege was not involved nor discussed.

In Samuels v. Finkelstein, Tex.Civ.App., 25 S.W.2d 923, writ dismissed, a bill of discovery was involved between cotton brokers, in which it was declared that all information as to transactions between the parties was within the knowledge alone of the defendant and was classed by the court as a pure bill, and by reference to article 2002, the action was termed a "suit" as known to our jurisprudence. It was further there held that a determination of the equitable principles involved was an adjudication of those questions.

In Beaman v. Sanger Bros., supra, the bill of discovery was sought, as in this case, after judgment was obtained, and before sufficient property was located from which it could be satisfied. The discovery was for the purpose of requiring the judgment debtor to disclose any property owned by him that was subject to execution. It was there held that under article 2002, Rev. Civ.Statutes, a suit for discovery could be brought for that purpose alone, and that: "The defendant in such a proceeding has a right to a hearing as to whether he should be required to answer such interrogatories before a final order or judgment is rendered requiring him to make such answers," citing Samuels v. Finkelstein, supra.

It must necessarily follow that since appellant's action for a bill of discovery was a suit in a court of record in this state, and that appellee was entitled to a trial upon the issues therein made by appellant's pleadings, he would have the right to demand that such hearing or trial be heard by a court at the place of his domicile, unless by article 1995, Rev.Civ.Statutes, as amended, Vernon's Ann.Civ.St. art. 1995, he came within one of the exceptions there named. In an effort to avoid the effect of that statute, appellant alleged in its controverting affidavit, as a ground of venue in the Dallas court, substantially, that, because the discovery prayed for was for the purpose of aiding it in recovering on a judgment rendered by that court in said cause on a note payable in Dallas county, venue in this action was retained there.

The only case called to our attention which involves venue, under the statute authorizing a bill of discovery, is Blocker v. Commercial Nat. Bank of Uvalde, Tex. Civ.App., 295 S.W. 341, 342. In that case the judgment creditor, three years after procuring judgment in Uvalde county against its debtor, instituted a suit under a separate docket number in the court which rendered its original judgment, seeking a discovery of property belonging to judgment debtors, residents of another county, from which it could enforce its judgment. The debtors sought by prior plea to transfer the case to the county of their residence. The creditor controverted the plea upon the same grounds as did appellant in the case at bar. The trial court overruled the plea of privilege, and in reversing and rendering the judgment the appellate court said: "It is true, as appellee contends, that in the original suit the venue as to the defendants was fixed in Uvalde county by virtue of the contractual obligation of appellants to pay the note in that county, and this action is collateral to the original action. But it is not an ancillary proceeding in that suit; it is a separate, distinct action, instituted, under special procedure provided by a statute which is silent upon the subject of venue, three years after the determination of the original action. It was not brought to enforce appellants' obligation to pay a note or perform any other obligation in Uvalde county or to determine the liability of appellants for any purpose. It was a distinct suit to require them to disclose their resources, so as to enable appellee to have those resources subjected to the satisfaction of its judgment obtained in a former suit. No reason exists under the statute, nor in equity, for depriving appellants of their valuable right to have the matter tried in the county of their domicile where, also, appellee alleges, the property sought to be discovered is situated."

In the Blocker Case, from which we have quoted, it appears the action was instituted three years after the rendition of the original judgment and the cause was docketed under a separate number; but the difference in the length of time elapsing between the date of the judgment in that case and the one under consideration here would

not change the principle involved, nor would the ministerial functions of a district clerk in placing the suit on separate sheet of his docket under another number affect the rule.

For the reasons shown, the trial court properly sustained the plea of privilege in this case, and the assignment of error challenging the act is overruled and the judgment is affirmed.