## KIRBY v. SOUTH TEXAS NAT. BANK OF SAN ANTONIO.

### No. 10705.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1940.

Clarence R. Boatwright and Dodson, Ezell & Duke, all of San Antonio, for plaintiff in error.

Charles M. Dickson and Henry F. Holland, both of San Antonio, for defendant in error.

MURRAY, Justice.

This is a suit in the nature of a bill of discovery instituted by defendant in error, South Texas National Bank of San Antonio, against E. L. Kirby, plaintiff in error, seeking to discover the assets belonging to E. L. Kirby, in order that they might be applied to the satisfaction of a judgment theretofore obtained by the bank against Kirby in the 57th District Court of Bexar County, Texas; said cause being styled The South Texas National Bank v. E. L. Kirby and being No. B–91,402.

The petition for "Bill of Discovery" was filed under the same style and number and in the same court in which the judgment had been rendered.

The trial judge endorsed his fiat on the petition on January 21, 1939, requiring E. L. Kirby to appear on the 2nd day of February, 1939, and show cause why an order should not be entered as prayed for in the petition.

In keeping with the fiat, the clerk of the court did not issue a regular citation, but only a notice to appear and show cause, which notice was served upon Kirby. Kirby did not appear and judgment was entered by default requiring him to answer the interrogatories contained in the bank's petition. From this judgment Kirby has prosecuted this appeal by means of a writ of error.

Kirby contends that where a petition is filed by a judgment creditor against a judgment debtor in the nature of a "Bill of Discovery," such a petition presents a new

and separate cause of action, requiring the issuance and service of a regular citation, such as is provided for by Articles 2021, 2022 and 2036, R.C.S. 1925.

It has been definitely decided in this state that where a petition is filed in the nature of a "Bill of Discovery" after final judgment and for the purpose of discovering assets of the defendant out of which the judgment may be satisfied, a new and separate cause of action is thereby begun.

In Blocker v. Commercial National Bank of Uvalde, Tex.Civ.App., 295 S.W. 341, 342, this court, speaking through Justice Smith, now Chief Justice, in holding that a plea of privilege would lie to such a suit, had this to say: "It is true, as appellee contends, that in the original suit the venue as to the defendants was fixed in Uvalde county by virtue of the contractual obligation of appellants to pay the note in that county, and this action is collateral to the original action. But it is not an ancillary proceeding in that suit; it is a separate, distinct action, instituted, under special procedure provided by a statute which is silent upon the subject of venue, three years after the determination of the original action. It was not brought to enforce appellants' obligation to pay a note or perform any other obligation in Uvalde county or to determine the liability of appellants for any purpose. It was a distinct suit to require them to disclose their resources, so as to enable appellee to have those resources subjected to the satisfaction of its judgment obtained in a former suit. No reason exists under the statute, nor in equity, for depriving appellants of their valuable right to have the matter tried in the county of their domicile where, also, appellee alleges, the property sought to be discovered is situated." See also B. F. Avery & Sons Plow Co. v. Mayfield, Tex.Civ.App., 111 S.W.2d 1134.

We therefore conclude that such a suit being a separate and distinct suit from the original suit in which judgment was obtained, a regular citation should have been issued and served as is required by Arts. 2021, 2022 and 2036, supra, and that the notice to show cause was insufficient to give the court jurisdiction over the person of the defendant.

It is true that Art. 2002, which provides for "Bills of Discovery," says that the court shall grant relief in accordance with the usages of courts of equity, but this provision is insufficient to supersede the provision of Art. 2050, requiring a regular citation in all causes, except where there is waiver, appearance or expressed provisions of the statutes to the contrary.

Article 2050, R.C.S. 1925, reads as follows: "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in this chapter, except where otherwise expressly provided by law."

Article 2002, supra, does not expressly provide that citation need not issue, therefore, under the provisions of Art. 2050, supra, citation is necessary. McCanless v. Gray, Tex.Civ.App., 153 S.W. 174.

The judgment is reversed and the cause remanded.