Jack EMMONS, Appellant,

v.

**CREDITOR'S FINANCIAL SERVICES,**
**Appellee.**

No. 5234.

Court of Civil Appeals of Texas,
Waco.

March 8, 1973.

**364**

Beard & Kultgen, Thomas L. Cook, Waco, for appellant.

Stephen J. Smith, Houston, for appellee.

VIC HALL, Justice.

This is a venue case.

On February 16, 1972, in cause number 883, 862 in the 129th Judicial District Court of Harris County, Texas, Creditors Financial Services, the plaintiff therein, recovered judgment against Jack Emmons and The Emmons Company in the amounts of $8,648.70 and $7,227.17, respectively. In September, 1972, Creditors initiated this proceeding in the same court and in the same numbered cause against those same defendants, allegedly to discover assets that might be used to satisfy the judgment. Emmons filed a plea of privilege to have the case transferred to Brazos County, the county of his residence. Creditors controverted the plea on the ground that Rule 621a [1] permits this proceeding to be maintained in Harris County.

The plea of privilege was heard by the court without a jury. In its written order overruling the plea, the court expressly concluded that "the Bill of Discovery filed herein by Plaintiff comes under Rule 621a." In two points of error, Emmons challenges the conclusion and ruling as erroneous, and argues that plaintiff's petition "shows this cause to be a Bill of Discovery as contemplated by Rule 737." We affirm the trial court.

The Rules in question provide as follows:

"Rule 621a. Discovery In Aid Of Enforcement Of Judgment. At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pretrial matters, and the rules governing and related to such pretrial discovery proceedings shall apply in like manner to discovery proceedings after judgment. The rights herein granted to the successful party shall inure to a successor or assignee, in whole or in part, of the successful party. Judicial supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pretrial discovery proceedings insofar as applicable.

"Rule 737. Bill of Discovery. All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies. In actions of such nature, the plaintiff shall have the right to have the defendant examined on oral interrogatories, either by summoning him to appear for examination before the trial court as in ordinary trials, or by taking his oral deposition in accordance with the general rules relating thereto."

Plaintiff's petition for discovery begins, "Comes now Creditors Financial Services, hereinafter styled Plaintiff, and files this Bill of Discovery * * *." Plaintiff

---

1. All Rule references in this opinion are to Vernon's Ann.Rules Civ.Proc.

pleaded the prior lawsuit and the resulting judgment in its favor. It alleged that the judgment is now final and unpaid; that the judgment "has been abstracted in the office of the County Clerk of the County of Defendants' residence"; that execution was issued and returned unsatisfied; and that plaintiff is "unable to collect its debt in the usual processes." Plaintiff alleged "on information and belief" that defendants have assets in the State of Texas subject to execution which should be used to satisfy the judgment; that defendants exclusively possess knowledge of those assets; that if the defendants are ordered to answer the written interrogatories filed with, and made a part of plaintiff's petition, then "the answers will disclose such facts as to permit the plaintiff to satisfy its judgment"; but, that "Plaintiff does not know and has no means of knowing or ascertaining such information and could not ascertain the same unless this Court compels the discovery here pleaded for;" and that plaintiff will be unable to satisfy its judgment "unless the Defendants are ordered to answer the Interrogatories and the Interrogatories are in fact answered."

Plaintiff prayed for issuance of citation and that the defendants be ordered to appear in open court on a day to be set by the court and show cause why they should not be required to answer under oath the written interrogatories attached to the petition.

■ A Bill of Discovery under Rule 737 may be used in aid of an anticipated suit, *Dallas Joint Stock Land Bank of Dallas v. State*, 135 Tex. 25, 137 S.W.2d 993 (1940); or in conjunction with a pending litigation, *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959); or after final judgment to compel disclosure of facts to enable a judgment creditor to satisfy a judgment. *National Compress Co. v. Hamlin*, 114 Tex. 375, 269 S.W. 1024 (1925); *Kirby v. South Texas Nat. Bank Of San Antonio*, (Tex.Civ.App., 1940, no writ hist.)

137 S.W.2d 98. The defendant can be required to appear in open court and answer oral interrogatories, as in any other lawsuit. Its use for the discovery of a judgment debtor's assets is an independent suit. The venue of the original suit does not control and the judgment debtor is entitled upon proper plea to have the hearing on the Bill transferred to the county of his residence. *Blocker v. Commercial Nat. Bank of Uvalde*, (Tex.Civ.App., 1927, no writ hist.) 295 S.W. 341, 342; *B. F. Avery & Sons Plow Co. v. Mayfield*, (Tex.Civ.App., 1937, writ dism.) 111 S.W.2d 1134, 1137.

■ In contrast with a Rule 737 action, a proceeding under Rule 621a, by the express provisions of the Rule, is used only to aid in the enforcement of a judgment. It is initiated and *maintained* in the same court and the same suit in which the judgment was rendered. The only discovery measures that may be used by the plaintiff are those provided for pretrial proceedings.

Thus, we reach the controlling question in this case: Is plaintiff's action an independent Bill Of Discovery within the meaning of Rule 737, or is it a proceeding under Rule 621a?

■ The nature or character of a suit, when pertinent to a venue inquiry, is a question of law to be determined from an examination of the pleadings in plaintiff's petition. 60 Tex.Jur.2d 27, Venue, Sec. 201.

■ A study of plaintiff's petition leads us to the conclusion that this discovery action falls squarely within the provisions of Rule 621a. Specifically, (1) it was initiated after judgment, (2) in the same suit and the same court in which the judgment was rendered, (3) by a successful plaintiff, (4) for the purpose of obtaining information, (5) through the use of a pretrial discovery measure (written interrogatories[2]), (6) to aid the plaintiff in the enforcement of the judgment.

2. See Rule 168.

■ The mere fact that plaintiff made reference to its petition as a "bill of discovery" does not bring it within the purview of Rule 737. In a sense, a proceeding under Rule 621a *is* a bill of discovery. Moreover, the legal effect of a pleading is not determined by its style or name, but by its contentions and evident purpose. Staley v. Western Steel Wire & Pipe Company, (Tex.Civ.App., 1962, writ ref., n. r. e.) 355 S.W.2d 565, 567

The judgment is affirmed.