W. E. Kendall and J. T. Harcourt v. S. A. Calder.

Trust funds in hands of executors.

Appeal from Fort Bend county. Opinion by Walker, P. J.

Opinion.— The overruling of the general demurrer to the plaintiff's petition and amended petition is assigned as error. We think the allegations of the plaintiff's supplemental petition, or, as it may be more properly termed, amended petition, sufficient to constitute a good cause of action.

It is alleged that the plaintiff, Calder, was selected when this suit was brought by the ladies, who were virtually the depositors of the money claimed, with E. H. Kendall, deceased, as their selected depositary, and were entitled to

demand and receive the funds sued for, and was directed so to do by them as their representative and agent. The original petition alleged also that said Kendall, in his life-time, held said fund in trust and subject only to the call or order of the treasurer of said church. These facts seem to establish a sufficient privity of contract in the creation of said trust to entitle the plaintiff to maintain this action against the defendants in their capacity of executors.

It devolved upon the plaintiff to establish, by evidence, these allegations; they are the prime and essential facts upon which depend the plaintiff's right to enforce a trust. In this connection it will be proper to consider the tenth, eleventh and twelfth assignments of error, which are as follows: "The judgment was against the law, as there was no plaintiff authorized to sue." "The judgment is unsupported by any legal evidence." "The court erred in over-ruling the motion for a new trial."

The only evidence tending to show the facts alleged in regard to said trust are thus recited in the statement of facts: "The plaintiff proved that $221, gold, of the claim sued on was money raised by a committee of ladies, citizens of the town of Richmond, Texas, for the purpose of building an Episcopal church at said town of Richmond." "That, at the special direction and request of the said ladies, the said sum of money was placed in the hands of O. H. Kendall for safe-keeping on or about the ―― day of ――, 1872." "That the books of the said O. H. Kendall, deceased, show that said sum of $221, gold, was in his hands at the time of his death to the credit of said church, and that said executors were fully aware of the same." This evidence certainly tended to establish the plaintiff's allegations, and it cannot be said that the judgment in this respect is un-supported by evidence or is contrary thereto.

The fifth and sixth assignments of error present the question as to the validity of the personal judgment ren-dered against the appellants, and as to rendering judg-ment against them in their representative capacity upon a

claim that had not been authenticated and presented for allowance and approval. It appeared, without controversy, from the statement of facts, that the defendants did not receive into their hands the specific trust money sued for, and that there was no money belonging to the estate in their hands, or, so far as appears, none known to them in the hands of others subject to their possession or control. The evidence shows that the estate owned assets from which the defendants realized and collected money wherewith to pay the debts of the estate. There was no evidence that would charge either of the defendants with knowledge of the trust and conversion of the money committed by themselves, or of any default or fraud whereby they might be rendered personally liable.

Under the facts proved, the claim set up by the plaintiffs amounted to no more than an alleged debt against the estate, to be enforced against its property subject to process of law.

The administration being one in which the jurisdiction of the probate court was alleged to have been dispensed with, and the estate being administered through the defendants as executors of the will, which relation was not denied by the defendants, the authentication of the plaintiffs' demand in the mode ordinarily required for claims and demands against estates of deceased persons was not necessary.

The judgment, therefore, ought to be reversed so far as it relates to the defendants as a judgment against them personally, and in all other respects to be affirmed; the supreme court proceeding now to render such judgment as ought to have been rendered by the district court.

REVERSED AND RENDERED.