### FANT v. FARRIER BROS.  (No. 2786.)

(Court of Civil Appeals of Texas. Texarkana. June 21, 1923.)

**1. Parties &#9758;76(2) — Defendants could not question capacity of plaintiff to sue as agent, in absence of plea in abatement.**

Where plaintiff alleged that he was the duly authorized and acting agent of 25 fruit growers, and was suing for their benefit, and the defendant answered only by a plea to the merits, and did not file a verified plea that plaintiff was not entitled to recover in the capacity in which he sued, under Rev. St. art. 1906, the defendants could not, during the trial, question the agent's authority to sue in the capacity alleged.

**2. Principal and agent &#9758;183(1) — Petition showing that plaintiff is suing as agent for another and has authority to so do is not subject to general demurrer.**

In view of Rev. St. art. 1894, where an agent sues, and discloses the fact that he is suing for the use and benefit of another, and alleges that he is authorized to bring such a suit, his petition is not subject to a general demurrer.

Appeal from District Court, Morris County; R. T. Wilkinson, Judge.

Suit by R. P. Fant against Farrier Bros. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Bartlett & Patman, of Linden, and Keeney & Dalby, of Texarkana, for appellant.

J. A. Ward, of Mt. Pleasant, and Henderson & Bolin, of Daingerfield, for appellees.

HODGES, J. In June, 1920, the appellant filed this suit against the appellees to recover damages for the breach of a contract to purchase a carload of peaches. He alleged in substance, that he was and is now a duly authorized and acting agent of about 25 different fruit growers, whose names and residences were given, and that he is suing for their benefit. The defendants answered only by a plea to the merits. At the conclusion of the evidence the court gave the following peremptory instruction to the jury:

"You are instructed in this case that the evidence shows that the plaintiff, at the time he made the contract that he sued on in this cause, disclosed to the defendants who he was contracting for and that he was the agent of others, and that he did not have any interest in the subject-matter of the contract, and that he has not therefore the right to recover in this cause because the right of action is in others, and the plaintiff, R. P. Fant, has no interest in the said contract, nor the subject-matter thereto, and that he has not any right to maintain this suit. You are therefore directed to return a verdict for the defendants under the direction of this court."

[1, 2] The judgment rendered for defendants is defended upon the ground that an agent, in this case, was not legally authorized to maintain a suit for the use and benefit of his principal. In the case of Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946, which is referred to as sustaining that proposition, the court says:

"The general rule is that one who contracts as agent cannot maintain an action in his own name and right upon the contract. * * * To this general rule there are four exceptions, generally recognized by the courts and text-writers: First, where the agent contracts in his own name; second, where the agent does not disclose his principal, who is unknown; third, where by the usages of trade the agent is authorized to act as owner of the property; fourth, where the agent has an interest in the subject-matter of the contract, and in this case whether he professed to act as agent or not."

The doctrine here stated is usually applied to cases where the agent does not claim to sue as agent, or where he purports to represent only one individual, or a small group of individuals, in bringing the suit, and not where he sues as agent for the benefit of a number of different persons. The rule which denies the right of an agent to bring a suit in his own name, when his principal is the real party at interest, is based upon the legal right of the defendant to be protected by the judgment which may be rendered in the case. Where the proceeding is one in which that result would legally follow, and where the defendant is deprived of no defense because of the form of the action, there would seem to be no logical reason why the suit should be abated solely upon the ground that an agent is the nominal plaintiff. That one may sue for the benefit of another appears to be recognized, if not authorized, by our statute. Rev. Civ. Stat. art. 1894; Hooper v. Hall, 30 Tex. 154; Kendall v. Calder, 2 Posey, Unrep. Cas. 732; 2 C. J. pp. 896, 897. If the ordinary usages of trade are sufficient to authorize an agent to sue in his name for the use and benefit of his principal, it certainly would follow that a principal may expressly delegate that power to an agent; and where the agent sues and discloses the fact that he is suing for the use and benefit of another, and alleges that he is authorized to bring such suit, his petition is not subject to a general demurrer. Edmonds v. White, 247 S. W. 585, recently decided by this court. If the agent has the authority to bring the suit, clearly his principal is concluded by whatever judgment the court may render, and the defendant would not be deprived of any defense he might offer, had the suit been brought in the name of the principal. If the defendants desired to put in issue the authority of the agent to maintain this suit, they should have filed a verified plea, such as is required by article 1906 of our Revised Civil Statutes, which provides that—

"An answer setting up any of the following matters, unless the truth of the pleadings appears of record, shall be verified by affidavit * * * that the plaintiff is not entitled to recover in the capacity in which he sues," etc.

No such plea was presented by the defendants in this case. By failing to so plead in abatement, they could not in the trial raise the issue of authority on the part of the agent to sue in the capacity alleged.

The judgment of the court will therefore be reversed, and the cause remanded.