### CLARK et al. v. EMPLOYERS' CASUALTY CO.

No. 2951.

Court of Civil Appeals of Texas. El Paso. July 19, 1933.

On the Merits Feb. 1, 1934.

Horace C. Bishop, of Dallas, for appellants.

Leachman & Gardere, of Dallas, for appellee.

PELPHREY, Chief Justice.

Appellee has filed its motion to dismiss this appeal on the ground that the judgment entered by the trial court on appellee's petition for a bill of discovery is not such a final judgment as can be appealed from.

Appellee in its petition alleged that it was

an insurance company; that appellants, acting as its agent and attorney in fact, had issued and sold various fidelity, guaranty, and surety bonds for them, and had collected premiums therefor; that the records and books containing information in regard to these sales and the amount due to appellee were in the possession of appellants; that appellee had reason to believe and did believe that appellants were indebted to it for premiums on bonds sold and in contemplation of a demand or suit for such sums due, prayed the court that the appellants be required to answer certain interrogatories, and to submit their books, records, and accounts and correspondence to an auditor appointed by the court in order that an accounting might be had.

Appellee's prayer reads:

"Wherefore, plaintiff prays that defendants, and each of them, be cited to appear herein and to show cause why plaintiff should not have judgment and order of this court that defendants, and each of them, make true, correct and faithful answers under oath to the interrogatories attached hereto and made a part hereof, and that defendants, and each of them, submit all their books, records, accounts, correspondence and data involving the matters herein to plaintiff and its attorneys for examination and analysis at a reasonable time and place to be determined by this court and that this court appoint auditors of its selection to audit the books, records, accounts, correspondence and data of all parties hereto with reference to the matters involved herein, and with a view to correctly determining the status of plaintiff's account herein referred to, and that the defendants, and each of them, be required to retain and keep within the jurisdiction of this Court all such books, records, accounts, correspondence and data subject to such further examination of same by plaintiff herein, its attorneys and accountant, as may be ordered by this Court, and until such time as plaintiff's account herein pleaded be finally determined and disposed of, and for such further relief to which plaintiff may show itself entitled."

Upon hearing the court granted appellee's application for a bill of discovery; ordered appellants to answer the interrogatories submitted; ordered them to deliver to the clerk of the court all their books, records, accounts, and correspondence in relation to the bonds sold, delivered, executed, or handled by them; ordered the clerk to deliver them to certain accountants for purpose of a complete audit; and further ordered appellants to keep such records, accounts, and correspondence, after they had been returned to them, within the jurisdiction of the court for such further inspection, examination, and audit as might be necessary.

Article 2002, Revised Statutes, reads:

"All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies."

If the judgment above is not a final judgment, then this motion should be sustained.

Appellee admits that in some cases involving a bill of discovery the judgment might be a final one, but argues that the judgment here is not a final one because the court retained control and direction of the subject-matter with the anticipation of ordering such further things as the court might deem necessary to the final settling of the account claimed. In Samuels v. Finkelstein, 25 S.W.(2d) 923, 925 (writ dismissed), the Beaumont Court of Civil Appeals discussed and decided the question whether an order requiring a party to answer interrogatories was final or merely interlocutory. As a basis for holding the order in that case a final judgment, the court quoted the following expression from 18 C. J. 1078:

"On a pure bill of discovery the case is never brought to a hearing."

The court referred also to the case of Cassatt v. Mitchell Coal & Coke Co. (C. C. A.) 150 F. 32, 10 L. R. A. (N. S.) 99, and quoted from that decision the following:

"Our conclusion on the motion to dismiss the writ of error is that as the plaintiffs in error have been subjected to the jurisdiction of the Circuit Court and made liable to its order in a proceeding collateral to and independent of the action at law, and as the order is a decision of all the matters involved in that proceeding, and leaves nothing to be done except the ministerial act of executing it by producing the books of the defendant company both before and at the trial of the action, it is, in so far as it requires production before the time of trial, a 'final decision' reviewable on a writ of error."

■ The effect of the order here is, as we view it, that appellants answer the interrogatories, produce the records, and then not remove them from the jurisdiction of the court.

If we be correct in such view, then there was a final judgment from which an appeal will lie, there remaining nothing to be done except ministerial acts.

We, therefore, conclude that the motion to dismiss must be overruled.

## On the Merits.

HIGGINS, Justice.

The bill is by the Employers' Casualty Company against P. R. Clark and P. R. Clark & Co., a corporation. The only error assigned is to the action of the court in overruling respondent's general demurrer to the bill.

■ A bill of discovery will lie as ancillary to the maintenance of a suit then contemplated to be brought by the petitioner. Wolf v. Wolf's Ex'r, 2 Har. & G. (Md.) 382, 18 Am. Dec. 313. In such cases the bill must show a cause of action existing in aid of which the discovery is sought. 18 C. J., title, Discovery, §§ 4, 17, and 18; 9 R. C. L., title, Discovery, §§ 2, 9, and 11.

■ Appellants assert the bill is insufficient because it fails to show that either of them are indebted to the petitioner and for this reason fails to show a cause of action against them.

The nature of the case as made by the bill is briefly outlined in the opinion heretofore rendered upon the motion to dismiss. No attempt was there made to particularly state the allegations of the bill and there is no occasion now to do so. Suffice it to say that in our opinion the bill sufficiently alleges respondents are indebted to the petitioner on account of premiums collected on bonds issued and delivered by them as agents and attorneys in fact for the petitioner and the petitioner is entitled to an accounting against respondents in that respect. The information sought to be elicited by the interrogatories propounded are pertinent and necessary in that connection.

The bill alleges:

"That upon information and belief, plaintiff alleges that defendant P. R. Clark & Company, a corporation, was organized by defendant, P. R. Clark, for purposes and reasons unknown to plaintiff herein, but well known to defendants and each of them and that the said defendant, P. R. Clark & Company, was an agent, broker or partner of defendant P. R. Clark and connected with the said P. R. Clark in the administration of his duties and activities alleged herein. * * *

"That plaintiff further alleges, upon information and belief, that defendant, P. R. Clark and/or P. R. Clark & Company and/or both of said defendants are now indebted to plaintiff herein for premiums upon said bonds and that plaintiff is and will be unable to determine the exact status of said indebtedness and account unless defendants herein and each of them are required to give true, correct and faithful answers under oath to the interrogatories attached hereto. * * *"

■ The fact that these allegations were made upon information and belief does not make the bill simply a "fishing" one. A "fishing bill" has been defined to be one which "shows no cause of action," and which "endeavors to compel the defendant to disclose one in the plaintiff's favor." Carroll v. Carroll, 11 Barb. (N. Y.) 293. This definition was approved by Judge Gaines in Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000.

■ The purpose of our discovery statute (article 2002, R. S.) is to compel discovery of matters which are not certainly known to a litigant, and his allegations respecting such matters must necessarily be based upon information and belief. Beaman v. Sanger Bros. (Tex. Civ. App.) 32 S.W.(2d) 872.

The demurrer was properly overruled.

Affirmed.