## WHITE v. NATIONAL PAVING CO. et al.

### No. 3505.

Court of Civil Appeals of Texas. El Paso.

Jan. 28, 1937.

Chas. W. Duke and Dodson & Ezell, all of San Antonio, for appellant.

Elbert Roberts, of Houston, for appellees.

WALTHALL, Justice.

This case presents an appeal from an order of the district court of Harris county sustaining a general demurrer to appellant's petition; appellant refusing to amend, the case was dismissed, and appellant appeals.

On the 8th day of August, 1935, appellant White filed in the district court of Harris county this action, in the nature of a bill of discovery, under article 2002, Revised Civil Statutes of 1925.

Appellant sues National Paving Company, A. M. Arnold, Fred McKirshan, and Milton Otto; alleges that National Paving Company is a Texas corporation with its principal office and place of business in Harris county, Tex., with A. M. Arnold as its president, upon whom service of citation may be had; that the other defendants (appellees), naming them, reside in Harris county, Tex.

The petition then alleges, in substance, that National Paving Company was incorporated under the laws of the State of Texas, with a capital stock, stating the capital stock, and obtained its charter on June 22, 1929, and states the names of its president, vice president, and secretary and treasurer; that on February 4, 1935, appellant recovered a judgment from National Paving Company in the district court of Bexar county, Tex., stating the court docket number, the amount of the judgment

($2,845.02), with interest and costs of suit; states that demand has been made for payment of the judgment, and failure and refusal to pay, and inability to collect said judgment or any part thereof; that execution was issued to Bexar county, and an alias execution was issued to Harris county, on each of which a nulla bona return was made; that on June 22, 1935, an abstract of said judgment was duly issued in Bexar county and recorded in Harris county, stating the volume and page of the judgment records. The petition then states: "Plaintiff has exhausted all ordinary legal remedies to enforce the payment of said judgment and has wholly failed to collect same, or any part thereof. Plaintiff alleges that he has reason to believe, and so charges, that the defendant, National Paving Company was possessed of ample assets and means out of which plaintiff's judgment could have been satisfied against it; that defendant, National Paving Company, contriving and confederating with the other defendants herein, and divers other persons unknown to plaintiff, but well known to defendants, have transferred, secreted and covered up all the assets of said paving company with the purpose in mind of hindering, delaying and defrauding creditors of said National Paving Company, has wholly failed to pay the amount due plaintiff on his judgment or to apply for that purpose any property, money, debt or equitable interest belonging to it."

Plaintiff asks that defendants, and each of them, be required to make true and correct answers, under oath, to the following interrogatories; then follow a number of interrogatories not necessary to state here.

Following the interrogatories the petition alleges: "Plaintiff alleges that none of the above facts are known to him, but are facts well known to defendants and each of them, and such facts are material and necessary to plaintiff, in order that he may collect his judgment against said National Paving Company, and that plaintiff has used diligence to ascertain such facts, but has wholly failed therein."

The prayer in the petition is for service of citation, and that defendants be required to make a full and complete discovery of the assets of the defendant company as set out in the interrogatories.

Defendants Arnold and National Paving Company filed a plea in abatement which the trial court overruled, and which is not before us for consideration.

Defendants further answered by a general demurrer and general denial. The court sustained the demurrer. Plaintiff duly perfected this appeal.

### Opinion.

As sustaining the order of the trial court in sustaining the general demurrer to appellant's petition, appellees make the contention that in order to maintain a suit in the nature of a bill of discovery, the petition must point out property owned by appellee National Paving Company at the time appellant's rights accrued, and that appellant cannot, on a general allegation based upon information and belief, require appellee to make answers to its interrogatories, and that where appellant's petition does not describe any property owned or claimed by appellee at the time of the judgment entry, the petition could not form the basis for granting the relief prayed for, and that for that reason the demurrer was properly sustained. As sustaining its contention, appellee refers us to Texas Jurisprudence, vol. 15, p. 225; Ewing v. Duncan, 81 Tex. 230–237, 16 S.W. 1000; Hawks v. Yancey (D.C.) 2 F. (2d) 471; Sisler v. Mistrot (Tex.Civ.App.) 192 S.W. 565.

■ Our statutes, article 2002, provides that: "All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies." Under this article, by reason of its verbiage, the relief sought is not granted under statutes and rules of general application, but pursuant to "the usages of courts of equity." Samuels v. Finkelstein (Tex. Civ.App.) 25 S.W.(2d) 923.

■ We think the above observation is illustrated in Sisler v. Mistrot, supra, and similar cases, where the rules of pleading require that the particular words be set out in the petition. In such cases the pleader may not seek to have the defendant disclose the defamatory words used and base thereon his cause of action. In other words, a bill for discovery cannot be sustained solely for the sake of discovery. 18 Corpus Juris, p. 1060, and notes 5–8.

■ We think the petition fairly shows that the discovery sought is solely in the knowledge of appellees, and cannot be proved otherwise than by appellee's answers to the interrogatories propounded, and is therefore necessary to the ends of justice. To hold otherwise would defeat the purpose of the statute.

We have not found in the cases referred to an application of appellees' contention that the petition must point out property owned by appellees at the time appellant secured his judgment. True, the authorities hold there is no warrant for a fishing bill, defined in the Ewing v. Duncan Case as "one which shows no cause of action and which endeavors to compel defendants to disclose one in plaintiff's favor." In Clark v. Employers' Casualty Co. (Tex. Civ.App.) 68 S.W.(2d) 226, in a similar case to the instant case, this court held that the bill of discovery will lie as ancillary to the maintenance of that suit, and under similar allegations, based upon information and belief, and under the authorities cited, the bill was not shown to be a "fishing bill."

The bill in this case alleges that appellant has a judgment against appellee, that the suit is still pending, and that appellant does not seek to establish a cause of action, but seeks merely to compel his judgment debtor to disclose whatever property he may have, alleged to have been fraudulently transferred and disposed of, and to which appellant has a right to look in satisfaction of his judgment. This appellant may do in this character of case. National Compress Co. v. Hamlin, 114 Tex. 375, 269 S.W. 1024.

We have concluded that the general demurrer was improperly sustained.

The case is reversed and remanded.