### SMITH et al. v. SPECIAL ASSESSMENT SECURITIES CORPORATION.

#### No. 10285.

Court of Civil Appeals of Texas. San Antonio.

April 27, 1938.

Rehearing Denied May 25, 1938.

Marcus W. Davis, Harry A. Nass, and L. D. Hill, all of San Antonio, for appellants.

Dodson & Ezell, Chas. W. Duke, Morris Wise, Leslie Byrd, and Sylvan Lang, all of San Antonio, for appellee.

MURRAY, Justice.

The cause of Herbert C. Heller & Company, Inc., against Luvisa R. Smith, was instituted in the District Court of Bexar County as cause No. B–67861. The name of Herbert C. Heller & Company, Inc., was changed to Special Assessment Securities Corporation. The new name was substituted for the old name, and the style of the cause was thereafter Special Assessment Securities Corporation v. Luvisa R. Smith. This suit was for the amount of principal, interest, and attorney's fees, alleged to be due upon a certain public improvement certificate issued by the City of San Antonio, and assigned to the said Securities Corporation, and to foreclose a certain alleged statutory lien upon Lots 89 and 90 in City Block 167, belonging to Luvisa R. Smith.

The cause of R. L. White Company v. Luvisa R. Smith was also instituted in the District Court of Bexar County, as cause No. B–73949. That suit was for the amount of principal, interest and attorney's fees alleged to be due upon a certain paving certificate issued by the City of San Antonio, and alleged to be the property of R. L. White, doing business under the firm name of R. L. White Company and for a foreclosure of an alleged statutory lien against said Lots 89 and 90 in City Block 167, belonging to Luvisa R. Smith.

These two causes were consolidated in the trial court and proceeded to trial as one cause, under the style of Special Assessment Securities Corporation v. Luvisa R. Smith, and under the docket number B–67861.

The trial was to a jury, but the trial judge submitted to the jury only one question, as to the amount of the attorney's fees to be allowed on each certificate, and peremptorily decided all other questions in favor of the plaintiffs below. Judgment was accordingly rendered in favor of each of the holders of the certificates for the sums sued for, and foreclosure against Luvisa R. Smith, individually, and as independent executrix of the estate of W. H. Smith, deceased, and W. A. Smith, administrator of the estate of Edward Owen Smith, deceased, of the alleged liens on Lots 89 and 90, Block 167, City of San Antonio; from which judgment Luvisa R. Smith, both in her individual and representative capacities, and W. A. Smith, in his representative capacity, have prosecuted this appeal, as appellants herein.

Appellants first contend that appellee, Special Assessment Securities Corporation, being a foreign corporation, should not be permitted to maintain this suit because it did not allege and prove that it had a permit to do business in Texas. With this contention we do not agree. Nei-

ther appellee's petition nor the evidence adduced upon the trial showed any necessity for appellee having a permit to do business in Texas as a prerequisite to maintaining this suit in the courts of Texas. Under such circumstance the burden was upon the appellants to plead and prove facts showing a necessity for a permit, and the lack of such permit, before they can successfully present the question here tendered. 11 Tex. Jur. §§ 502-506, pp. 177-185; Hilker v. Agricultural Bond & Credit Corporation, Tex. Civ.App., 96 S.W.2d 544; Barton v. Kansas City Life Ins. Co., Tex.Civ.App., 98 S.W. 2d 836, 837; Cosey v. Supreme Camp of American Woodmen, Tex.Civ.App., 103 S. W.2d 1076.

■■ Appellants next contend that the assessment proceedings should be held invalid, because (1) they did not sufficiently describe the property to be acquired by the city to open and extend Elm Street, and (2) no commissioners were appointed to condemn the property to be acquired. We overrule these contentions. The initial ordinance of the City, declaring the public necessity for the improvement, sufficiently sets forth the general nature of the proposed improvement. Article 1204, R.C.S.1925. The law does not require the appointing of Commissioners. Section 17, art. 1175, simply provides, among other things: "The authority to adopt any other method shall include the manner of appointing commissioners, the manner of giving notice and the manner of fixing payments," etc.

■ Article 1219 reads as follows: "Any property owner against whom or whose property an assessment or reassessment has been made, may, within ten days thereafter bring suit to set aside or correct the same, or any proceeding with reference thereto on account of any error or invalidity therein, but thereafter such owner, his heirs, assigns, or successors shall be barred from such action or any defense of invalidity in such proceedings or assessment or reassessment, in any action in which the same may be brought into question."

This suit was not brought within the ten days allowed by the above statute, and therefore all matters not jurisdictional were barred by limitation. Special Assessment Securities Corporation v. Brown, Tex. Civ.App., 106 S.W.2d 340, is a case involving the same proceedings herein assailed and in that case such proceedings were held to be valid.

Article 1204 contains the provision that: "No mistake or omission of said resolution shall invalidate it, and its passage shall be conclusive of the public use and necessity of the proposed improvement."

Article 1205 states, with reference to the engineer's report and plat: "The governing body shall examine said plat and report and correct errors therein, if any, but no error or omission shall invalidate the same, or any proceeding had thereafter pursuant thereto."

Appellants, by a number of propositions, contend that the City of San Antonio was not diligent in acquiring the right of way or necessary property for the extension of Elm Street, and there was an unreasonable delay in opening and extending such street, and that same resulted in financial loss and prejudice to the property owner and should be held by the court to relieve her from any liability on the assessment. With this contention we do not agree. The record fails to show lack of diligence on the City's part and a resulting unreasonable delay; neither does it show any financial loss and prejudice suffered by appellants.

■ Appellants next contend that their property does not abut upon Elm Street, and that it therefore was not subject to assessment. We overrule this contention. Appellants contend that there is a strip of land two feet wide between their land and Elm Street. Appellants are the owners of Lots 89 and 90; the City acquired sixty feet off the west side of Lot 88 for the extension of Elm Street. Appellants contend that the street was not built on the west sixty feet of Lot 88, but that a strip two feet wide was left between the west line of Block 88, and Elm Street. Appellants contend that a fence which they had maintained for a number of years was on a line two feet east of the west line of Lot 88, and that the street was laid out and constructed along this fence line rather than along the true west line of Lot 88. The evidence tendered by appellants leaves us in confusion as to whether or not the alleged two-foot strip exists or not, but, conceding that it does exist, the assessment certificates would not be void. It is clear that the east boundary line of Lots 89 and 90 is the west boundary line of Lot 88. The City owns Lot 88, therefore, this two-foot strip belongs either to appellants or the City. If it is owned by appellants then their property does abut upon Elm Street; if it is owned by the City it is a part of Elm Street, and

the City would be estopped, under all the circumstances in this case, from claiming otherwise, and if the two-foot strip is a part of Elm Street, then, in that event, appellants' property abuts upon Elm Street. Take either horn of the dilemma that you will, and you come to the conclusion that appellants were and are abutting property owners upon Elm Street.

 Appellants contend that the City had no authority to compromise certain condemnation proceedings and had no authority to exchange a certain triangle of land acquired by it, for a certain other triangle of land needed for street purposes. We conclude that the City did have such authority. In any event, such questions come too late when raised for the first time in a suit upon the certificates. Special Assessment Securities Corporation v. Brown, Tex. Civ.App., 106 S.W.2d 340; Article 1219, R. C.S. 1925.

The judgment is affirmed.