**HAMPSHIRE SILVER CO. v. HILL et al.**

No. 12337.

Court of Civil Appeals of Texas. Galveston.

Dec. 6, 1951.

Ross, Banks & May and E. Burgess Laughlin, all of Houston, for appellant.

S. G. Kolius, Houston, (Bates, Cartwright, Bates & Kolius, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This action was brought in the County Court at law of Harris County by appellant, Hampshire Silver Company, against A. J. Hill, d/b/a A. J. Hill Company, for $450.96, alleged to be due it for goods, wares and merchandise sold and delivered to appellee by appellant in interstate commerce.

Appellee answered by a plea in abatement, exceptions, general denial and a plea referred to by it as a plea in bar of the facts alleged in its plea in abatement.

Upon trial of the case appellee in open court waived its plea in abatement and offered no evidence of the allegations therein contained. The only evidence offered upon the trial was appellant's sworn account which was introduced in evidence without objection

In the trial before the court without a jury, judgment was rendered in favor of appellee.

The material facts in the case are undisputed. The trial court prepared and caused to be filed its findings-of-fact and

conclusions-of-law in which it was found that A. J. Hill was a resident of Harris County; that appellant was a corporation domiciled in the State of New York, and that at the time the suit was instituted it did not have a permit to do business in the State of Texas, as required by Article 1529 of the Revised Civil Statutes. The court found that the suit was a suit on open account and that appellee had in open court waived his plea in abatement; that the appellant had, without objection to its introduction, introduced in evidence the account made the basis of the suit and had rested its case without introducing any evidence to show that the transaction giving rise to the account made the basis of the suit was interstate in character. The court concluded as a matter of law that appellant did not have the power nor right to maintain the suit by reason of the provisions of Article 1536 Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1536, because of its failure to comply with Article 1529 Revised Civil Statutes.

Article 1529 Revised Civil Statutes provided that, "Any corporation for * * * profit * * *, organized or created under the laws of any other State * * * desiring to transact or solicit business in Texas, or to establish a general or special office in this State, shall file with the Secretary of State a duly certified copy of its articles of incorporation; and thereupon such official shall issue to such corporation a permit to transact business in this State * * *."

Article 1536 provides that, "No such corporation can maintain any suit * * *, in any Court of this State upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this Chapter. * * * "

Appellant relies for reversal on three Points of Assigned Error, under which it contends that a foreign corporation selling goods in interstate commerce cannot be required by the State to secure a permit or denied the right to sue for purchase price of the goods purchased. It contends that

where a foreign corporation's petition does not show any necessity that it have a permit to transact business in Texas and does not show that the transaction was intrastate and where it does not allege any other facts showing the necessity for a permit, the party relying on such facts as a defense has the burden of pleading and proving facts showing a necessity for a permit and that in an action on an open account for merchandise sold a general denial is insufficient to overcome a prima facie case made by plaintiff's account.

The only evidence offered in the trial court was appellant's sworn account, which was introduced in evidence without objection. Appellant's petition does not show and there is no evidence in the record to establish, that the transaction on which the suit is based is one of intrastate commerce nor that appellant maintained an office or residence in the State of Texas.

The plaintiff's Exhibit No. 1, appellant's sworn account, shows that the merchandise was shipped from Brooklyn, New York, to Houston, Texas.

It is held by the Supreme Court of this State, in the case of Continental Supply Company v. Hoffman, 135 Tex. 552, 144 S.W.2d 253, that it is the settled law in this State that the provisions of Article 1536 Revised Civil Statutes refer exclusively to demands which arise out of intrastate transactions and that they do not apply to demands which arise out of interstate transactions—or transactions which involve interstate commerce, Miller v. Goodman, 91 Tex. 41, 40 S.W. 718, 11 Tex.Jur. 162, and that as regards interstate transactions, no permit to transact business is required. In the Continental Supply Company v. Hoffman case, supra, it was held that the necessity for a compliance with the statute did not appear in that case, and that the fact that the sale constituted an intrastate transaction was not affirmatively alleged in plaintiff's petition, and that the defendant had failed to tender an issue in respect to the character of such sale, that he must be regarded as having waived such issue. Citing Okla-

homa Tool & Supply Co. v. Daniels, Tex. Com.App., 290 S.W. 727.

In the case of Barton v. Kansas City Life Insurance Company, Tex.Civ.App., 98 S.W.2d 836, it was held that when a foreign corporation does not disclose in its pleadings that the matters in controversy are intrastate, the defendant must allege and prove the corporation's inability to maintain the suit, otherwise the question is not before the court.

In the case of Aeronautical Corporation of Amer. v. Gossett, Tex.Civ.App., 117 S.W.2d 893, it was held that it was fundamental error for the court to hold as a matter of law that a foreign corporation is not entitled to maintain a suit in this state because of its failure to allege that it had a permit to do business within this State or to show facts which would not require a permit and that the mere fact that a corporation is alleged to be a foreign corporation does not raise the presumption that the transaction involved in its suit was one which required the corporation to have a permit to do business in this State.

In 1 Tex.Jur. 25, it is held that the question as to the violation of Article 1529 Revised Civil Statutes cannot be raised by a plea in bar since a plea in bar, unlike pleas in abatement, offers matters which are conclusive answers or defenses to actions on the merits. Citing Fant v. Farrier Bros., Tex.Civ.App., 253 S.W. 955.

In 1 Tex.Jur., page 170, it is held that, "* * * there is a waiver of any right to contend that an action is abated by facts which should have been set up at the very inception of the case when the party making the objection has entirely failed to interpose any plea setting forth such facts."

Appellant's petition in the instant case does not show the necessity for appellant to have a permit to do business in Texas and the evidence before the trial court does not show such necessity. Appellant's sworn account, plaintiff's Exhibit No. 1, shows that the suit is based on an interstate transaction. Therefore, it was appellee's burden to plead and prove facts showing a necessity for a permit. Smith v. Special Assessment Securities Corporation, Tex.Civ.App., 116 S.W.2d 1166.

In the case of Oklahoma Tool & Supply Company v. Daniels, Tex.Com.App., 290 S.W. 727, it was held that unless the necessity of a permit appears affirmatively in foreign corporation's petition failure to take out permit must be plead by defendant and that where the necessity for having the permit does not appear in the complaint it will be deemed to have been waived.

Appellant's petition in the instant case shows no violation of said Article 1529, and the capacity of appellant to sue in the courts of this State was not questioned or urged in the trial court since appellant introduced in evidence, without objection, its sworn account and rested its case.

It follows from the above conclusions that the judgment of the trial court must be reversed and judgment here rendered that appellant recover from appellee the sum of $450.96 with interest.