ROY MITCHELL CONTRACTING COM-
PANY, Inc., Appellant,

v.

MUELLER COMPANY et al., Appellees.

No. 7147.

Court of Civil Appeals of Texas.

Texarkana.

June 30, 1959.

Rehearing Denied July 28, 1959.

Reeves & Reeves, Tyler, for appellant.

Johnson, Hathaway & Jackson, Lawrence & Lawrence, Tyler, for appellees.

FANNING, Justice.

Mueller Company, a Delaware corporation, and Bethlehem Supply Company, an Oklahoma corporation, as plaintiffs in the 7th District Court of Smith County, Texas, brought suit in the nature of a bill of discovery to require defendant Roy Mitchell Contracting Co., Inc., a Texas corporation, to answer under oath certain written interrogatories pertaining to the location of money, property or assets of defendant, and other stated matters with reference to conveyances and gifts, if any, made by defendant within a stated time, which bill of discovery was being sought as an aid to enforcing two final judgments which were unpaid, one of the judgments being rendered on June 30, 1958, by said 7th District Court in the sum of $1,418.60, with interest and costs in cause No. 58,323 in favor of said Mueller Company against said above named defendant, and the other judgment in cause No. 58,153 was rendered on September 4, 1958, in said 7th District Court in the sum of $961, costs and interest in favor of said Bethlehem Supply Company against said above named defendant. Plaintiffs in the discovery suit at bar pleaded and proved that they had made extensive efforts to locate property of defendant with which to satisfy their judgments including the levy of executions and returns thereon "nulla bona" and that they had been unable to find any property of defendant. Defendant's motions for continuance, pleas to the jurisdiction and special exceptions to plaintiffs' pleadings were overruled. Defendant's late request for a jury was denied and the cause was tried by the court without the aid of a jury. The trial court after hearing the evidence adduced granted the relief sought by plaintiffs and ordered defendant to answer the written interrogatories under oath and to file such answers in the cause within 20 days from the date the judgment should become final. Defendant has appealed from the judgment of the trial court.

By its first point appellant contends to the effect that the court was not authorized to compel defendant to answer *written* interrogatories; in this connection appellant contends that under Rule 737, Texas Rules of Civil Procedure, plaintiffs were only entitled to have defendant examined on *oral* interrogatories before the trial court or by taking *oral* deposition in accordance with the general rules relating thereto.

Rule 737, T.R.C.P., was enacted in 1939. The source of the Rule was Article 2002, R.C.S., enacted in 1923. Article 2002 provided as follows:

> "All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies."

Said Article 2002 was construed by the Supreme Court of Texas in National Compress Co. v. Hamlin (Leaverton v. Chapman), 114 Tex. 375, 269 S.W. 1024, 1029, as authorizing a trial court to compel a defendant judgment debtor to answer *written* interrogatories with respect to disclosure of assets or of fraud in the conveyance of property by a judgment debtor. We quote from the opinion in said cause as follows:

> "The principal contention of plaintiffs in error is that discovery under this statute should not be decreed in Texas in order to compel disclosure of assets or of fraud in the conveyance of property by a judgment debtor, in the absence of a suit pending or contem-

plated. It is earnestly insisted that the usages of equity support a decree for discovery only in aid of a suit pending or contemplated.

"Appreciating that the application presented a serious question of statutory construction, of far-reaching importance to the jurisprudence of the state, we gave the case careful consideration. The application was refused because we were satisfied that the statute was valid and that it was correctly construed by the Court of Civil Appeals. Our re-examination of the questions raised in the motion for rehearing confirms us in these views.

"We believe that Chancellor Kent, in Hendricks v. Robinson, 2 Johns.Ch., N.Y., [283] 296, made a declaration in accord with the usages of courts of equity, in saying:

" 'I have no doubt that this court can and ought to lend its aid whenever that aid becomes requisite, to enforce a judgment at law, by compelling a discovery and account, either as against the debtor, or as against any third person who may have possessed himself of the debtor's property and placed it beyond the reach of an execution at law.'

"The above declaration of Chancellor Kent is fully supported by the cases cited in note 26 at page 5094 of 5 Pomeroy's Equity Jurisprudence, and by 1 Story's Equity Jurisprudence, § 109, and 2 Story's Equity Jurisprudence, § 928.

"Having rightly disposed of the petition for a writ of error, the motion for a rehearing by plaintiffs in error, H. A. Leaverton, et al., is overruled."

The Commission of Appeals of Texas, with its opinion being adopted by the Supreme Court of Texas, in the case of Dallas Joint Stock Land Bank v. State ex rel. Cobb, 135 Tex. 25, 137 S.W.2d 993, held that a suit to compel a joint stock land bank to answer certain written interrogatories as to the names of its stockholders and the amount of stock held by each stockholder was a "suit in the nature of a bill of discovery," and a judgment ordering said land bank, by its officers, agents, servants and employees, to answer in writing and under oath the written interrogatories accorded with usages of equity, citing Art. 2002, R.C.S., and National Compress Co. v. Hamlin (Leaverton v. Chapman), 114 Tex. 375, 269 S.W. 1024.

Rule 737, T.R.C.P., promulgated in 1939, contains the wording of Article 2002 and adds another sentence thereto. Said Rule reads as follows:

"All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies. In actions of such nature, the plaintiff shall have the right to have the defendant examined on oral interrogatories, either by summoning him to appear for examination before the trial court as in ordinary trials, or by taking his oral deposition in accordance with the general rules relating thereto."

It is appellant's view that the last sentence of the rule controls and that plaintiffs would *only* have the right to have the defendant examined on oral interrogatories or to take defendant's oral deposition in accordance with the general rules relating thereto, and that Rule 737 excludes the examination of defendant by means of answering written interrogatories.

We think Rule 737, T.R.C.P. should be construed as a whole and should not be given the narrow and restricted construction sought by appellant. It is our view that the first two sentences of Rule 737, which are the same as old Article 2002, should be given the same construction that the Supreme Court of Texas has heretofore given the same and that under

that portion of Rule 737 *written* interrogatories are authorized in discovery suits. It is our further view that the rule makers in adding the last sentence to the rule in 1939 intended to enlarge the scope of the rule so as to permit oral interrogatories (as well as oral depositions as outlined in said sentence) *in addition to written interrogatories which the Supreme Court of Texas has held to be authorized by the first two sentences of the rule* and did not intend to exclude from the rule the well-settled court constructions of old Article 2002 that written interrogatories were authorized in discovery suits. Appellant's first point is overruled.

■ We also hold that the trial court did not err in overruling defendant's plea to the jurisdiction alleging that there was a misjoinder of parties plaintiff. See Tomlinson v. Higginbotham Bros. & Co., Tex. Civ.App., 229 S.W.2d 920, 923, where actions were brought by four separate and independent lien holders as plaintiffs, in which the court stated:

"Under Section (a) of Rule 40, Texas Rules of Civil Procedure, it is permissible to join as plaintiffs 'all persons' asserting 'right to relief * * * arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.' Plaintiffs were seeking to foreclose their respective liens upon the same property. The liens arose by reason of a series of transactions in which common questions of law and fact were involved. We cannot see how the defendant was injured in any way by the joinder of the plaintiffs."

"Under the policy of our law to avoid a multiplicity of suits, the courts are liberal in allowing parties to be joined when the joinder cannot result in prejudice." 32 Tex.Jur. p. 34.

Under the record in the case at bar we cannot see how the defendant was injured in any way by the joinder of plaintiffs which we think was a proper permissible joinder under Rule 40(a) T.R.C.P. Appellant's second point is overruled.

■ We also hold that the two plaintiff foreign corporations in this cause were not required to plead or prove that they had a permit to do business in Texas to maintain the suit at bar against defendant since it is clear from the record in this case that plaintiff corporations were seeking to collect debts due them by defendant arising out of business transactions in interstate commerce. See the following authorities: Article 1529, Vernon's Annotated Civil Statutes; Article 8.01 Texas Business Corporation Act, V.A.T.S.; Gholson v. Wickwire Spencer Sales Corp., Tex.Civ.App., 66 S.W.2d 814; Hampshire Silver Co. v. Hill, Tex.Civ.App., 244 S.W.2d 520. In the last cited case above (244 S.W.2d 520, 521), the court stated:

"It is held by the Supreme Court of this State, in the case of Continental Supply Co. v. Hoffman, 135 Tex. 552, 144 S.W.2d 253, that it is the settled law in this State that the provisions of Article 1536 Revised Civil Statutes refer exclusively to demands which arise out of intrastate transactions and that they do not apply to demands which arise out of interstate transactions— or transactions which involve interstate commerce, Miller v. Goodman, 91 Tex. 41, 40 S.W. 718; 11 Tex.Jur. 162, and that as regards interstate transactions, no permit to transact business is required. * * *. Appellant's petition in the instant case does not show the necessity for appellant to have a permit to do business in Texas and the evidence before the trial court does not show such necessity. Appellant's sworn account, plaintiff's Exhibit No. 1, shows that the suit is based on an interstate transaction. Therefore, *it was appellee's burden to plead and prove facts showing a necessity for a permit.*"

Appellant's 3rd, 9th, 10th and 13th points are overruled.

■ Appellant by its 6th point contends that the trial court erred in overruling defendant's request that the cause be tried before a jury. After an answer in the cause had been filed by defendant, the trial court called its docket on November 3, 1958, and at that time the instant cause was in open court set for non-jury trial for November 7, 1958. Appellant's attorneys were not present at the call of the docket on November 3, 1958, nor had they prior thereto requested a jury or paid the jury fee. The requests for jury and the payment of the jury fee were made on November 4, 1958.

Rule 216, T.R.C.P., provides in part as follows:

"No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance * * *"

It would appear from the rule above quoted that appellant's request for jury and payment of the jury fee were belatedly made and that the trial court did not abuse his discretion in denying a jury trial. Furthermore, appellant made no offer of material facts that might tend to defeat plaintiffs' rights of discovery and if it was error for the trial court to deny defendant's request for jury, which is not conceded, such error, if any, would be harmless error as defendant would not be prejudiced thereby. Dallas Joint Stock Land Bank v. State ex rel. Cobb, Tex.Civ.App., 133 S.W.2d 827; Erback v. Donald, Tex.Civ.App., 170 S.W. 2d 289; Tucker v. Lingo, Tex.Civ.App., 248 S.W. 1097. In Dallas Joint Stock Land Bank v. State ex rel. Cobb, supra (133 S. W.2d 827, 829), it is stated:

"So, we are of the opinion that, in an equitable proceeding, such as the discovery suit under consideration, parties are entitled to have controverted issues of fact, if any there be, that tend to establish or defeat the right to a discovery, determined by a jury. But, as the material facts here involved are not controverted, the error of the court in denying defendant's request for a jury, was harmless, for, if a jury had been impaneled, in view of the case presented by the record, there would have been no issue of a controversial nature, tending to establish or defeat the right of discovery, to be submitted to a jury."

Appellant's 6th point is overruled.

■ We also hold that the allegations and proof of plaintiffs to the effect that they had made extensive efforts to locate property of defendant with which to satisfy their judgments including the levy of executions and returns thereon "nulla bona" and that they were unable to find such property, were sufficient to sustain the action for discovery. White v. National Paving Co., Tex.Civ.App., 101 S.W.2d 588; B. F. Avery & Sons Plow Co. v. Mayfield, Tex.Civ.App., 111 S.W.2d 1134. Appellant's 7th and 14th points are overruled.

We also hold that this record does not show an abuse of discretion on the part of the trial court in overruling defendant's 1st and 2nd motions for continuance. Appellant's 4th and 5th points are overruled.

■ Appellant by its 11th and 12th points contends that the trial court erred in overruling its special exceptions Nos. VII and VIII to question 9 attached to plaintiffs' pleading, which question asked if defendant had made a gift of any money or anything of monetary value to anyone since January 1, 1958, for various reasons including the contention that such question was too general and also would call for the detailing of confidential and privileged matters.

Article 3996, V.A.C.S. provides:

"Every gift, conveyance, assignment, or transfer of, or charge upon, any estate real or personal, every suit commenced, or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are, or may be, lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This article shall not affect the title of a purchaser, for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

In White v. National Paving Co., Tex. Civ.App., 101 S.W.2d 588, 590, it is stated:

"We think the petition fairly shows that the discovery sought is solely in the knowledge of appellees, and cannot be proved otherwise than by appellee's answers to the interrogatories propounded, and is therefore necessary to the ends of justice. To hold otherwise would defeat the purpose of the statute.

"We have not found in the cases referred to an application of appellees' contention that the petition must point out property owned by appellees at the time appellant secured his judgment. True, the authorities hold that there is no warrant for a fishing bill defined in the Ewing v. Duncan case as 'one which shows no cause of action and which endeavors to compel defendants to disclose one in plaintiff's favor.' In Clark v. Employers' Casualty Co., Tex.Civ.App., 68 S.W.2d 226, in a similar case to the instant case, this court held that the bill of discovery will lie as ancillary to the maintenance of that suit, and under similar allegations, based upon information and belief, and under the authorities cited, the bill was not shown to be a 'fishing bill.'

"The bill in this case alleges that appellant has a judgment against appellee, that the suit is still pending, and that appellant does not seek to establish a cause of action, but seeks merely to compel his judgment debtor to disclose whatever property he may have, alleged to have been fraudulently transferred and disposed of, and to which appellant has a right to look in satisfaction of his judgment. This appellant may do in this character of case. National Compress Co. v. Hamlin, 114 Tex. 375, 269 S.W. 1024."

Since the discovery sought in question 9 is solely within the knowledge of appellant we see no impropriety in requiring appellant to answer same, since it was not shown by appellant that any of such matters were actually privileged to appellant. Appellant in its pleadings and brief makes the general allegation and contention that the question "would call for the detailing of confidential and privileged business of the company on matters arising long prior to the time that any of the original suits were rendered." However, appellant nowhere states in particular any specific immunity or specific privilege to any specific fact or specific answer that might arise in any answer to question 9.

█ It is true that the inquisitorial powers effectuated by Rule 737, T.R.C.P. should not be attempted to be exercised in such manner as to deprive parties of the immunities and privileges which are available to them in the trial of causes. See Moody v. Moody Nat. Bank of Galveston, Tex.Civ. App., 302 S.W.2d 695, 698, wherein it is stated:

"* * * Discovery proceedings have as their aim and purpose the administration of justice. We do not feel that it was ever contemplated either by the Legislature or by the Supreme Court of this State that the inquisitorial powers effectuated by Rule 737 T.R. C.P. could be exercised in such manner as to deprive any interested parties of those immunities and privileges which are available to them in the trial of causes. * * *"

**528**

It is also well settled law that it is a matter for the court and not the witness to determine questions as to the privilege and waiver thereof. 44 Tex.Jur., Witnesses, p. 1072, Sec. 101.

The trial court could not determine from the general allegations made by defendant what, if any, matters were privileged or immune from discovery and appellant did not point out any specific matters for the court to determine whether or not such were privileged or immune from discovery for any valid reason. Points 11 and 12 do not show error under this record.

We suggest, however, that if appellant in answering question 9 has a genuinely valid reason for contending that any specific answer it might be required to make would violate any constitutional or statutory privilege or immunity that it present such specific matter to the trial court for determination.

The judgment of the trial court is affirmed without prejudice to the right of appellant to present to the trial court for determination any specific claim of privilege or immunity it may have, if any.

Affirmed.